IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

ESTATE OF MELINDA DUCKETT,
by and through her personal representative,
KATHLEEN CALVERT, and BETHANN
EUBANK and WILLIAM GERALD
EUBANK, as legal parents of MELINDA
DUCKETT, and as grandparents and next
friends of T.D., a child, and M.E., a
minor sibling of MELINDA
DUCKETT,
    Plaintiffs,

vs.

CABLE NEWS NETWORK LLLP (CNN),
a Delaware corporation, NANCY GRACE,
individually and as an employee/agent
of CNN, various unnamed producers of
the "Nancy Grace" show, JOSHUA DUCKETT,

    Defendants.
_____/

CASE NO.: 06 CA 1717

CIVIL DIVISION

5:06-cv-444-Oc-10GRJ

2006 NOV 21 PM 2:37
CLERK OF CIRCUIT
AND COUNTY COURT
LAKE COUNTY
TAVARES FLORIDA

## COMPLAINT

COMES NOW the Plaintiffs, ESTATE OF MELINDA DUCKETT, by and through its personal representative KATHLEEN CALVERT, BETHANN and WILLIAM GERALD EUBANK, individually and as parents of MELINDA DUCKETT and as parents of the minor child M.E. and as grand parents and next friends of T.D., a child, by and through their attorneys, DERATANY, SKORUPA & O'HARA, P.A., and complain of the Defendants, NANCY GRACE, individually and as an employee and agent of CABLE NEWS NETWORK, LLLP, a Delaware Corporation (hereinafter commonly referred to as CNN) and JOSHUA DUCKETT, alleging upon information and belief as follows:



1. At all times material hereto, Plaintiffs ESTATE OF MELINDA DUCKETT and Plaintiffs decedent MELINDA DUCKETT was a resident of Leesburg, in Lake County, Florida.

2. At all times material hereto, Defendant NANCY GRACE is an employee and/or agent of CNN, which airs the "Nancy Grace" show and causes this show to be broadcast nationally.

3. At all times material hereto, Plaintiffs do complain of wrongs committed by Defendants, all of them, that occurred in Lake County, Florida.

### COUNT I – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER FLORIDA WRONGFUL DEATH ACT FOR ESTATE OF MELINDA DUCKETT AND PERSONAL REPRESENTATIVE KATHLEEN CALVERT

4. On or about August 27, 2006, and at all times relevant hereto, Defendant NANCY GRACE, was an employee and agent of CNN, hosting a show called "Nancy Grace" which purports to discuss crime and legal issues and purports to assist in the solving of crimes.

5. On or about August 27, 2006, Plaintiffs decedent MELINDA DUCKETT, did become aware that her child, two year old T.D., was missing and/or abducted.

6. On or about September 7, 2006, Defendant NANCY GRACE, and/or her associates and subordinates and employees of CNN and the "Nancy Grace" show, did solicit MELINDA DUCKETT to appear, via telephone, on the show "Nancy Grace" and did deliberately make certain promises and representations to MELINDA DUCKETT that appearing on the show might assist in conveying to the public that her child, T.D., was missing, which might help in the return of said child, knowing that they intended to surprise MELINDA DUCKETT with accusations, questions and verbal assaults clearly intending to intimate that she murdered her child, T.D.

2

7. Defendant NANCY GRACE and/or her associates and subordinates and employees and producers of the "Nancy Grace" show did commit fraudulent misrepresentation on MELINDA DUCKETT by committing a false statement of material fact that the purpose of her appearance was to ask the public for help in finding her missing child, T.D.

8. That Defendant NANCY GRACE and/or her associates and subordinates and employees and producers knew that the representation was false and made the representation with the intention to induce MELINDA DUCKETT to appear on the "Nancy Grace" show.

9. That by committing the fraudulent misrepresentation on MELINDA DUCKETT, Defendant NANCY GRACE did cause injury to MELINDA DUCKETT.

10. That at all times relevant, Defendant NANCY GRACE, and/or her associates and subordinates and employees and producers of the 'Nancy Grace" show, knew that MELINDA DUCKETT was in a severe state of mental anguish and distress, yet despite having such knowledge invited her to appear on the show by making false misrepresentations that the sole purpose of the show was to convey to the public that T.D. was missing. NANCY GRACE, her subordinates, and producers of the CNN show "Nancy Grace" failed to inform MELINDA DUCKETT, the anguished mother of a missing child, that once she appeared on the show, NANCY GRACE would subject her to outrageous conduct such as severe interrogation, fist-pounding, and veiled accusations that she was responsible for her child T.D.'s disappearance and death.

11. By the above acts, Defendant NANCY GRACE, and/or her associates and subordinates and employees and producers of the "Nancy Grace" show and each of them, did intend to and did deliberately or with malicious and conscious disregard cause severe emotional distress to, or recklessly disregarded the probability of causing severe emotional distress to or should have known that severe emotional distress would likely

result to MELINDA DUCKETT by one or more of the following outrageous acts or omissions:

a. Deliberately misled MELINDA DUCKETT into falsely believing that the purpose of appearing on the show was to publicize her child's disappearance and ask the public for help, when Defendant NANCY GRACE, knew and intended to verbally assault and harass MELINDA DUCKETT;

b. Deliberately and falsely misled MELINDA DUCKETT's personal attorney by stating that the purpose of MELINDA DUCKETT going on the show was "informational" and to inform the public of T.D.'s disappearance;

c. Failed to advise MELINDA DUCKETT or her personal attorney of the real purpose of the show, which was to try to obtain a confession as to "where she was" on the night that T.D. disappeared;

d. Failed to advise MELINDA DUCKETT or her personal attorney that Defendant NANCY GRACE would be conducting a cross examination and either directly or impliedly accusing MELINDA DUCKETT of murdering her child;

e. Harassing and intimidating an anguished and severely mentally distressed mother, by verbally accosting her and intimating that she murdered her own child.

12. That Defendant NANCY GRACE and/or her associates and subordinates and employees and producers did commit extreme and outrageous conduct that goes beyond all bounds of decency tolerated in the community.

4

13. That, by the verbal attacks, in combination with the fraudulent misrepresentation and their knowledge of the emotional and mental distress of MELINDA DUCKETT, Defendant NANCY GRACE and her associates and subordinates and employees and producers did intend to and did cause severe emotional distress to the Plaintiffs' decedent, MELINDA DUCKETT.

14. That, at all times relevant hereto, there was in force and effect the Florida Wrongful Death Act, § 768.19 (Fla. Statutes).

15. The Defendants, each of them, did inflict pain, suffering, embarrassment, humiliation, intimidation on MELINDA DUCKETT, when they knew she was in a severely emotionally distraught state, and thereby did with malicious and contumacious disregard cause her emotional distress cause her severe emotional distress which was a cause or the proximate cause of her death by suicide on September 8, 2006.

WHEREFORE, Plaintiffs ESTATE OF MELINDA DUCKETT and personal representative KATHLEEN CALVERT, respectfully move this Court to award judgment in excess of $15,000 (fifteen thousand dollars) and for funeral expenses, loss of prospective wages, and punitive damages in an amount sufficient to punish Defendants, all of them, and to deter Defendants, and other from similar conduct in an amount to be determined by the jury together with the costs of this lawsuit. Plaintiffs demand trial by Jury on all issues so triable.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FOR BETHANN AND WILLIAM GERALD EUBANK AND M.E., A CHILD AND INJUNCIVE RELIEF

16. Plaintiffs repeat and re-allege paragraphs 1 through 15 of Count I as if specifically alleged in Count II herein.

17. At all times relevant hereto, Defendant NANCY GRACE and/or her associates and subordinates and employees and producers, failed to obtain consent for the use of the videotape of the verbal abuse committed against MELINDA DUCKETT by Defendant NANCY GRACE.

18. That, after learning that MELINDA DUCKETT had committed suicide, Defendant NANCY GRACE and/or her associates and subordinates and employees and producers decided to air the videotape of the interview between MELINDA DUCKETT and Defendant NANCY GRACE within hours of MELINDA DUCKETT's suicide in order to improve their ratings and for prospective monetary gain of Defendant NANCY GRACE and Defendant CNN in malicious and contumacious disregard to inflicting severe emotional distress and damage to Plaintiffs BETHANN EUBANK and WILLIAM GERALD EUBANK, as the legal parents of MELINDA DUCKETT, and to M.E., a minor sibling of MELINDA DUCKETT.

19. That, Defendant NANCY GRACE and Defendant CNN continue to report the videotape of the said interview thereby continuing to cause repeated harm to Plaintiffs BETHANN EUBANK and WILLIAM GERALD EUBANK as the legal parents of MELINDA DUCKETT, and to M.E., a minor sibling of MELINDA DUCKETT.

20. That, Defendant NANCY GRACE and/or her associates and subordinates and employees and producers and Defendant CNN aired the videotape of the verbal abuse of MELINDA DUCKETT within hours of her death, without the authorization of the Plaintiff ESTATE OF MELINDA DUCKETT and with knowledge that the Plaintiffs BETHANN EUBANK and WILLIAM GERALD EUBANK and M.E., a minor sibling of MELINDA DUCKETT, would be subjected to media and public harassment because Plaintiffs are close relatives of MELINDA DUCKETT.

21. That, by airing the videotape of the interview between Defendant NANCY GRACE and MELINDA DUCKETT, within hours of the death of MELINDA DUCKETT, Defendant NANCY GRACE and Defendant CNN intended to intimate that

6

the Plaintiffs' decedent MELINDA DUCKETT was a murderer or otherwise responsible for the death of her child, T.D., which said action is extreme and outrageous conduct which goes beyond all bounds of decency accepted in the community.

22. That, by airing the videotape of the interview between Defendant NANCY GRACE and MELINDA DUCKETT, within hours of the death of MELINDA DUCKETT, Defendant NANCY GRACE did intend to or with malicious disregard, inflict severe emotional distress on Plaintiffs BETHANN EUBANK and WILLIAM GERALD EUBANK, as parents of MELINDA DUCKETT, and M.E., a minor sibling of MELINDA DUCKETT, which has caused there to be printed malicious statements against the parents on the internet.

23. That the above actions committed by Defendant NANCY GRACE and/or her associates and subordinates and employees and producers and by Defendant CNN, did cause and continue to cause Plaintiffs BETHANN EUBANK and WILLIAM GERALD EUBANK and M.E., a minor sibling of MELINDA DUCKETT, to undergo severe emotional distress for which they have sought psychological counseling and continue to suffer from emotional and debilitating distress.

24. That the above actions committed by Defendant NANCY GRACE and/or her associates and subordinates and employees and producers and by Defendant CNN, did cause and continue to cause irreparable injury to Plaintiffs by the continual and excessive airing of the interview between Defendant NANCY GRACE and MELINDA DUCKETT to a national audience.

WHEREFORE, Plaintiffs BETHANN EUBANK and WILLIAM GERALD EUBANK and their minor child, M.E., respectfully ask this Court to grant an injunction against Defendant NANCY GRACE and Defendant CNN to prevent future intentional infliction of emotional distress on Plaintiffs and/or for this Court to award monetary damages in excess of $15,000 (fifteen thousand dollars). Plaintiffs demand trial by jury on all issues so triable.

## COUNT III—ACCOUNTING FOR REWARD MONIES

25. Plaintiffs repeat and re-allege paragraphs 1 through 24 of Count I and Count II as if specifically alleged herein.

26. At all times relevant, Defendant NANCY GRACE has assisted Defendant JOSHUA DUCKETT to set up and solicit donations for the T.D. Family Charitable Trust Fund through statements made on the "Nancy Grace" show.

27. At all times relevant herein, Defendant JOSHUA DUCKETT and Defendant NANCY GRACE have solicited the general public to make donations on a website called www.helpfindtrenton.com for the stated purpose of assisting in the search efforts for T.D.

28. Plaintiffs seek to ensure that any and all funds donated for locating T.D. are used for said purposes and not for any ill-conceived or improper purpose and do hereby request of the Court an accounting requiring Defendants NANCY GRACE and JOSHUA DUCKETT to list all funds that have been forwarded to the "Nancy Grace" show, if any, or the aforesaid DUCKETT family, or to the aforesaid website, and to list any and all payments made and to be made in the near future, from said funds

WHEREFORE, all Plaintiffs respectfully ask this Court to grant an accounting of the T.D. Family Charitable Trust Fund.

## COUNT IV—MISAPPROPRIATION OF IMAGE/LIKENESS FOR ESTATE OF MELINDA DUCKETT

29. Plaintiffs repeat, and re-allege paragraphs 1 through 28 of Counts I-III as if specifically alleged herein.

30. At all times relevant, and specifically prior to airing the taping after knowing of MELINDA DUCKETT's death, neither Defendant CNN nor Defendant NANCY GRACE nor her associates/subordinates/employees/producers obtained consent from MELINDA DUCKETT's personal attorney or personal representative.

31. By interviewing MELINDA DUCKETT, Defendant NANCY GRACE did then and there make MELINDA DUCKETT a "public figure."

32. Defendants, NANCY GRACE, the producers and other employees of CNN, failed to obtain the consent from MELINDA DUCKETT or her attorney prior to death and misused and misappropriated the likeness of MELINDA DUCKETT for their monetary gain, inclusive of increasing their ratings.

WHEREFORE, Plaintiffs ESTATE OF MELINDA DUCKETT and personal representative KATHLEEN CALVERT, respectfully move this Court to award judgment in excess of $15,000 (fifteen thousand dollars) and punitive damages in an amount sufficient to punish Defendants, all of them, and to deter Defendants, and other from similar conduct in an amount to be determined by the jury together with the costs of this lawsuit. Plaintiffs demand trial by jury on all issues so triable.

DATED this 20th day of November, 2006 and respectfully submitted by Attorneys for Plaintiffs.

DERATANY, SKORUPA & O'HARA, P.A.
Attorneys for Plaintiff
Crystal Tree Centre
1201 U.S. Highway One, Suite 315
North Palm Beach, FL 33408
Telephone: (561) 624-7989

By: _____
JAY PAUL DERATANY
FL Bar No.: 837880

By: _____
KARA SKORUPA
FL Bar No.: 739561