UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ESTATE OF MELINDA DUCKETT, by and
through her personal representative,
KATHLEEN CALVERT and BETHANN
EUBANK and WILLIAM GERALD
EUBANK, as legal parents of MELINDA
DUCKETT, and as grandparents and next
friends of T.D., a child and M.E., a minor
sibling of MELINDA DUCKETT,

                Plaintiffs,

-vs-                                      Case No. 5:06-cv-444-Oc-10GRJ

CABLE NEWS NETWORK LLLP (CNN), a
Delware Corporation, NANCY GRACE,
individually and as an employee/agent of
CNN, JOSHUA DUCKETT,

                  Defendants.
_____/

## **O R D E R**

This state law, diversity jurisdiction, wrongful death case is before the Court for consideration of the following motions: (1) the Plaintiffs' Petition to Remand to State Court, (Doc. 10); and (2) the Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 30). On June 18, 2007, the United States Magistrate Judge issued a Report, (Doc. 28), recommending that the Plaintiffs' Petition to Remand be denied. The Plaintiffs have now filed Objections to the Report, (Doc. 29), to which the Defendants have filed their oppositions. (Docs. 31, 33). The Defendants have also filed their responses in opposition

to the Plaintiffs' request to file an amended complaint. (Docs. 32, 34). Thus, all motions are now ripe for review and disposition.

Turning first to the Plaintiffs' Petition to Remand, the Court has reviewed the Magistrate Judge's Report, and conducted a separate *de novo* review of all parties' moving papers, the Plaintiffs' Objections, the Defendants' oppositions, as well as the entire case record. It is the Court's conclusion that the Plaintiffs' Petition to Remand should be denied. The United States Magistrate Judge, in a well-reasoned Report, explained in detail how this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and that the doctrine of fraudulent joinder applies so that the Plaintiffs' attempts to include a claim for equitable accounting against Joshua Duckett do not defeat diversity jurisdiction. The Plaintiffs' Objections do not change this result. Simply put, the Plaintiffs have not demonstrated any legal or factual basis for filing a claim of equitable accounting against Joshua Duckett. He is not a trustee to the T.D. Family Charitable Trust - either *de facto* or by operation of law. To adopt the Plaintiffs' rationale, any person who suggested even in passing that one should contribute to a charitable trust would automatically become a trustee and inherit fiduciary duties to the trust's beneficiaries. Such an expansive reading of the law is not appropriate. Moreover, the Plaintiffs do not have standing, as they are not beneficiaries to the Charitable Trust, and have not made any contributions to the Charitable Trust.

It is equally clear to the Court that the Plaintiffs have attempted to bring such a claim against Mr. Duckett *in the same case as their claims against CNN and Nancy Grace* for one reason only - to defeat this Court's subject matter jurisdiction. The claim against

Joshua Duckett has no relation whatsoever to any of the facts or circumstances surrounding the two other claims in this case: wrongful death and intentional infliction of emotional distress claims. Accordingly, the Plaintiffs' Objections will be overruled, the Plaintiffs' Petition to Remand denied, and Joshua Duckett will be dismissed from the case.

The Court next turns to the Plaintiffs' request to file a Second Amended Complaint. The Plaintiffs seek leave to add two new claims against Laurie Konnerth, the trustee of the T. D. Family Charitable Trust Fund: a claim for equitable accounting, and a claim of fraud with respect to the operation of the Charitable Trust. The Plaintiff also seeks leave to allege these same claims against Joshua Duckett.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be "freely given when justice so requires." Because the Court has already determined that the Plaintiffs cannot bring a claim for equitable accounting against Joshua Duckett, and, for the same reasons, cannot assert such a claim for fraud against him with respect to the Charitable Trust, justice does not require that the Plaintiffs be permitted to amend their complaint to include such claims against him. This same rationale equally applies to any claims against Lauren Konnerth, the named trustee. Because the Plaintiffs have not established that they have standing to sue for any relief with respect to the Charitable Trust, they cannot seek relief against Ms. Konnerth. Thus, any amendment to bring such claims would be futile and not in the interests of justice.

Accordingly, upon due consideration, it is hereby ORDERED that:

(1)     The Magistrate Judge's Report and Recommendation, (Doc. 28), is ADOPTED, CONFIRMED AND MADE A PART HEREOF;

(2)     The Plaintiffs' Petition to Remand to State Court, (Doc. 10), is DENIED, and Defendant Joshua Duckett is DISMISSED from this case;

(3)     The Plaintiffs' Objections to Certain Findings Within the Report and Recommendation, (Doc. 29), are OVERRULED;

(4)     The Plaintiffs' Motion for Leave to File Second Amended Complaint, (Doc. 30), and the Plaintiffs' Motion for Leave to File Amended Complaint, (Doc. 11), are DENIED. This case shall go forward against Defendants CNN and Nancy Grace on the Plaintiffs' claims of wrongful death, intentional infliction of emotional distress, and misappropriation of image/likeness as set forth in the Plaintiffs' original Complaint. (Doc. 5).  Within twenty (20) days from the date of this Order, the Defendants shall answer or otherwise respond to the Plaintiffs' Complaint;

(5)     Defendant Joshua Duckett's Motion to Dismiss, (Doc. 19), is DENIED AS MOOT; and

(6)     The Plaintiffs' Motion for Leave to File Plaintiffs' Supplemental Brief, (Doc. 22) is GRANTED

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 16th day of July, 2007.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record