UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ESTATE OF MELINDA DUCKETT,
by and through her personal representative,
KATHLEEN CALVERT, and BETHANN EUBANK
and WILLIAM GERALD EUBANK,
as legal parents of MELINDA DUCKETT,
and as grandparents and next friends of T.D., a child,
and M.E., a minor sibling of MELINDA DUCKETT,

  Plaintiffs,
v.           CASE NO. 5:06-cv-444-WTH-GRJ

CABLE NEWS NETWORK LLLP (CNN),
a Delaware corporation, NANCY GRACE,
individually and as an employee/agent of CNN,
various unnamed producers of the "Nancy Grace" show,
JOSHUA DUCKETT,

  Defendants.
_____/

### DEFENDANTS CNN AND GRACE'S AGREED MOTION TO STAY DISCOVERY AND CASE MANAGEMENT CONFERENCE PENDING RULING ON DISPOSITIVE MOTION, AND INCORPORATED MEMORANDUM OF LAW

Defendants Cable News Network, Inc. ("CNN")[1] and Nancy Grace ("Grace"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 3.01 of the Local Rules of this Court, move for a stay of discovery and the case management conference

---

[1] Plaintiffs erroneously sued "Cable News Network LLLP," an entity that does not exist. "CNN" is the acronym for Cable News Network LP, LLLP, now known as Cable News Network, Inc.

pending the Court's resolution of the dispositive Motion to Dismiss.[2] The grounds for this motion are:

### Procedural Background

1. Plaintiffs filed this action in state court on November 21, 2006 against CNN, Grace and Joshua Duckett, alleging Counts for wrongful death, intentional infliction of emotional distress, accounting for reward monies and misappropriation of likeness.

2. CNN and Grace removed the action to federal court on December 20, 2006, claiming that Defendant Joshua Duckett, a Florida citizen, was joined solely for the purpose of defeating diversity jurisdiction.

3. In response, Plaintiffs filed a Petition to Remand to State Court on January 18, 2007. (Doc. No. 10) and a Motion for Leave to File Amended Complaint (Doc. No. 11).

4. On June 18, 2007, the Magistrate Judge issued a Report and Recommendation denying Plaintiffs' Petition based on fraudulent joinder. (Doc. No. 28).

5. On June 27, 2007, Plaintiffs filed a Motion for Leave to File Second Amended Complaint (Doc. No. 30).

6. On July 16, 2007 this Court adopted the Magistrate Judge's Report and Recommendation and denied Plaintiffs' Petition to Remand to State Court, and dismissed Joshua Duckett from this case. The Court also denied Plaintiffs' Motion for Leave to File Amended Complaint and Plaintiffs' Motion for Leave to File Second Amended Complaint

---

[2] The Court's July 16, 2007 Order provides that CNN and Grace shall have twenty days to respond to Counts I, II and IV of the Complaint. (Doc. No. 35). CNN and Grace will be filing a Motion to Dismiss, which will assert grounds for a dispositive ruling, on or before the twentieth day, August 6, 2007.

and provided "[t]his case shall go forward against Defendants CNN and Nancy Grace on the Plaintiffs' claims of wrongful death, intentional infliction of emotional distress, and misappropriation of image/likeness as set forth in the Plaintiffs' original Complaint."[3] (Doc. 5). The Court provided the Plaintiffs twenty days within which to respond to the Complaint.

7. CNN and Grace will be filing a Motion to Dismiss which, if granted, would result in dismissal with prejudice of all remaining claims against CNN and Grace. The Motion will be grounded in well-settled statutory common law of Florida, in addition to the First Amendment to the United States Constitution.

8. CNN and Grace's Motion to Dismiss will raise only questions of law for which factual discovery is not necessary or appropriate.

9. The Court's February 12, 2007 Order (Doc. No. 23) deferred the parties' case management conference until after the Court ruled on Plaintiffs' Petition to Remand to State Court. Pursuant to the Order, if the Petition was denied, which it was, the parties shall conduct the case management conference within ten days of the denial and shall file the case management report no later than fourteen days after the case management conference. Because the Petition to Remand was denied on July 16, 2007, the parties are required to meet in person and conduct the case management conference on or before July 30, 2007 and file a case management report by August 13, 2007, setting forth all discovery, motion, and trial deadlines.

---

[3] The Court therefore has ruled that Plaintiffs' claim for an accounting of reward monies (Count III), asserted against Nancy Grace as well as Joshua Duckett, will not go forward.

3

10. Counsel for CNN and Grace contacted counsel for Plaintiffs regarding this motion and Plaintiffs' counsel consents to the relief sought in this motion.

11. The parties' counsel agree that it is premature at this point in the case for the parties to spend potentially unnecessary time and expense meeting in person, exchanging discovery, preparing a case management report, and engaging in further discovery prior to a ruling on the Defendants' dispositive Motion.

12. All parties and this Court will benefit from the potential conservation of resources if a stay of discovery were granted and the case management conference postponed pending the ruling on CNN and Grace's Motion to Dismiss.

13. This motion is made in good faith and not for any purpose of undue delay.

## MEMORANDUM OF LAW

**A. A Stay of Discovery is Favored Where a Potentially Dispositive Motion Attacks the Legal Sufficiency of a Complaint**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has broad discretion to stay discovery for "good cause shown." FED. R. CIV. P. 26(c). Courts have held that good cause to stay discovery exists where a potentially dispositive motion is pending.

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1367 (11th Cir. 1997) (internal citation and footnote omitted); *see Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (finding that district court did not abuse its discretion in granting stay of

4

discovery during the pendency of potentially dispositive motion to dismiss or for summary judgment because "the district court had sufficient information before it upon which to rule, and . . . further discovery was not likely to produce a genuine issue of material fact."); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay of discovery pending ruling on motion to dismiss); *Feist v. Jefferson County Commissioner's Court*, 778 F.2d 250, 252-53 (5th Cir. 1985) (proper to first determine whether plaintiff raised a claim upon which relief could be granted before authorizing discovery); *Florsheim Shoe Co. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984) (proper to enter order staying discovery pending resolution of motion to dismiss, which raised questions of law for which factual discovery is not appropriate or necessary).

The Court, in *McCabe v. Foley*, 233 F.R.D. 683 (M.D. Fla. 2006), held that a stay of discovery was warranted pending resolution of defendants' motion to dismiss because disputes over the legal sufficiency of a claim presents "purely legal questions where there is no need for discovery prior to ruling on dispositive motions." *Id.* at 685. In fact, as the Court has recognized, one purpose of a 12(b)(6) motion is to test the complaint's sufficiency before discovery proceeds. *See, e.g., JES Prop., Inc. v. USA Equestrian, Inc.*, 253 F. Supp. 2d 1273, 1277 (M.D. Fla. 2003) (noting that the purpose of a 12(b)(6) motion is to determine "whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.").

CNN and Grace's Motion to Dismiss will facially challenge the sufficiency of the Complaint and thus a stay of discovery is appropriate.

### B. CNN and Grace's Motion to Dismiss Will Challenge the Sufficiency of the Complaint and is Case Dispositive

CNN and Grace's Motion will raise only questions of law and will be grounded in well-settled statutory common law of Florida, in addition to the First Amendment to the United States Constitution. If granted, it would result in dismissal with prejudice of all remaining claims against CNN and Grace. A temporary stay of discovery pending resolution of the Motion to Dismiss is appropriate in these circumstances because the motion will raise purely legal challenges and discovery is not necessary to defend against them. *See Chudasama*, 123 F.3d at 1367 ("[N]either the parties nor the court have any need for discovery before the court rules on the [pending motion to dismiss challenging the legal sufficiency of the complaint]."); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) ("[T]here is no general right to discovery upon filing of the complaint. The very purpose of Fed.R.Civ.P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'") (quotation omitted); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) (concluding that it was not an abuse of discretion for court to grant motion to dismiss prior to commencement of discovery because "[d]iscovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

### C. Discovery Would Unnecessarily Tax the Parties' and the Court's Resources

Discovery demands time, resources and expense on the part of both the litigants and the Court. In this case, proceeding with discovery while the case-dispositive Motion to Dismiss is pending would result in unnecessary discovery expenses for all parties. *See* Fed.

6

R. Civ. P. 26(c) (providing for protective order preventing discovery if such discovery would cause a party "undue burden and expenses"); *Chudasama*, 123 F.3d at 1368 (unnecessary costs to the litigants and to the court system can be avoided by staying discovery pending ruling on dispositive motion); *see also Chavous v. District of Columbia Financial Responsibility & Management Assistance Authority*, 201 F.R.D. 1, 2 (D.C. Cir. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (citations and internal quotations omitted); *see also Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion may . . . eliminate . . . the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants."). Moreover, while the benefits of staying discovery are clear, a short stay of discovery pending resolution of the Motion to Dismiss would cause no countervailing prejudice to Plaintiffs. *See Spencer Trask Software & Information Serv.*, 206 F.R.D. at 368 (In granting motion to stay discovery pending resolution of motion to dismiss, court noted that short "stay will neither unnecessarily delay the action nor prejudice the plaintiffs.").

Here, no party will be prejudiced by the Court granting a stay of discovery. Further, the Plaintiffs have agreed to a stay of discovery pending resolution of Defendants' Motion to Dismiss.

**WHEREFORE**, Defendants CNN and Grace respectfully request that the Court stay discovery and the case management conference pending resolution of the Motion to Dismiss

that will be filed by CNN and Grace.

        Respectfully submitted,

        HOLLAND & KNIGHT LLP
        Attorneys for CNN and Nancy Grace
        200 S. Orange Avenue, Suite 2600
        P. O. Box 1526 (ZIP 32802-1526)
        Orlando, FL 32801
        Tel. No.: (407) 244-5151
        Fax No.: (407) 244-5288

        By:  /s/ Judith M. Mercier
              Judith M. Mercier (FBN 0032727)
              judy.mercier@hklaw.com

Of Counsel:
Charles D. Tobin (FBN 0816345)
charles.tobin@hklaw.com
Holland & Knight LLP
2099 Pennsylvania Ave., N.W.
Suite 100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following parties of record: Counsel for Plaintiffs, Kara Skorupa, Esquire, Deratany, Skorupa & O'Hara, P.A., Crystal Tree Centre, 1201 U.S. Highway One, Suite 315, North Palm Beach, Florida.

        /s Judith M. Mercier

# 4676791_v1