UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ESTATE OF MELINDA DUCKETT,
by and through her personal representative,
KATHLEEN CALVERT, and BETHANN
EUBANK and WILLIAM GERALD
EUBANK, as legal parents of MELINDA
DUCKETT, and as grandparents and next
friends of T.D., a child, and M.E., a minor
sibling of MELINDA DUCKETT,

    Plaintiffs,

v.

CASE NO.: 5:06-cv-444-WTH-GRJ

CABLE NEWS NETWORK LLLP (CNN),
a Delaware corporation, NANCY GRACE,
individually and as an employee/agent of
CNN, various unnamed producers of the
"Nancy Grace" show, JOSHUA DUCKETT,

    Defendants.
_____/

## DEFENDANTS' MOTION TO STRIKE THE "PRELIMINARY FORENSIC PSYCHIATRIC OPINION" OF DR. HAROLD J. BURSZTAJN AND TO EXCLUDE HIM AS A WITNESS

Defendants Cable News Network, Inc.[1] ("CNN") and Nancy Grace hereby move, pursuant to Federal Rule of Civil Procedure 37, for an order striking the "Preliminary Forensic Psychiatric Opinion" of Plaintiffs' expert ("the Bursztajn Preliminary Opinion"), Dr. Harold J. Bursztajn (Dkt. No. 118), and precluding Plaintiffs from offering Dr. Bursztajn's opinions and testimony.

Plaintiffs filed this Rule 26(a)(2)(B) report following two extensions from the Court

---

[1] Plaintiffs erroneously sued "Cable News Network LLLP," an entity that does not exist. "CNN" is the acronym for Cable News Network LP, LLLP, now known as Cable News Network, Inc.

after they missed their disclosure deadline of August 1, 2009. Despite this, the report they filed on November 30, 2009, which the writer himself deems "preliminary," is wholly insufficient. Indeed, on December 4, 2009, in responding to an inquiry from the *Orlando Sentinel* about his report, a spokesperson for Dr. Bursztajn noted that everyone should "just keep in mind that this report contains a preliminary opinion, as the report itself spells out."[2] The rules require a disclosure of "a complete statement of all opinions the witness will express and the basis and reasons for them[,]" not a "preliminary" report.

Moreover, and significantly, to ameliorate prejudice to Defendants, the Court's initial extension Order flatly prohibited Plaintiffs' expert from rebutting Defendants' experts. Yet the Bursztajn Preliminary Opinion directly violates the Order, as it contains a lengthy rebuttal of the opinions of Defendants' timely-designated expert, Dr. Andrew E. Slaby.

As the report violates both the rules and this Court's Order, it should be stricken in its entirety, and Plaintiffs should be precluded from presenting any testimony from this expert. Furthermore, in light of the significant expenses incurred through Plaintiffs' repeated violations of appropriate procedure, Defendants should be awarded legal fees and costs incurred in connection with the motions related to expert testimony.

I. **Background**

The Court's Case Management and Scheduling Order set the deadline for the Rule 26(a)(2)(B) Expert Disclosures of the Plaintiffs for August 1, 2009 and the Expert Disclosures of the Defendants for September 1, 2009. Plaintiffs failed to disclose any experts

---

[2] *See* Anthony Colarossi, "Professor says Nancy Grace pushed Melinda Duckett over the edge," ORLANDO SENTINEL, Dec. 4, 2009, attached hereto as Exhibit A.

2

by their deadline. Nor did Plaintiffs move for an extension of the deadline prior to its expiration. Defendants timely served their expert disclosures on September 1, 2009.

On September 23, 2009, Plaintiffs moved for a retroactive extension of time to disclose their experts, arguing the illness of co-counsel and erroneously accusing Defendants of failing to meet their discovery obligations. Plaintiffs' Motion to Compel and to Extend Time to Disclose Plaintiffs' Expert and to Compel, at p. 8 (Dkt. No. 96).

On October 20, 2009, this Court granted Plaintiffs a 30-day extension, noting its "concerns about the timing of Plaintiffs' request" and explicitly stating that "to further avoid any prejudice to Defendants as a result of the late disclosure, Plaintiffs' expert report(s) should *not* be used to rebut the opinions of Defendants' experts." Order of October 20, 2009, at p. 7-8 (Dkt. No. 109)(emphasis in original). Notably, the Order denied Plaintiffs' motion to compel answers to interrogatories, and further held that Defendants' document production was appropriate under the rules. *Id.* at pp.2-6. Then, on November 12, 2009, this Court granted Plaintiffs' unopposed motion for yet another extension, giving them until November 30, 2009 to disclose experts.

Finally, on November 30, 2009, Plaintiffs improperly filed with this Court the Bursztajn Preliminary Opinion.[3] Notice of Filing of Plaintiffs' Expert Witness Disclosure Pursuant to Rule 26(a)(2) (Dkt. No. 118). The report notes that Dr. Bursztajn reviewed and analyzed certain documents, including the "Opinion of Andrew E. Slaby, MD, PhD, MPH (6pp)," and contains a lengthy, express rebuttal as to Dr. Slaby's opinions. *See id.* at pp. 6-9.

---

[3] Plaintiffs filed the entire report with the Court in direct violation of Local Rule 3.03 which states that " [M]atters disclosed pursuant to Fed. R. Civ. P. 26. . . shall not be filed with the Court as a matter of course but may later be filed in whole or in part if necessary to presentation and consideration of a motion to compel, a motion for summary judgment, a motion for injunctive relief, or other similar proceedings."

3

Pursuant to Local Rule 3.01(g), counsel for Defendants contacted counsel for Plaintiffs and, citing the grounds reflected in this motion, requested that Plaintiffs agree to the relief now sought in this motion. Counsel for Plaintiffs fundamentally disagree with the very basis of this Motion, and oppose Defendants' position that Plaintiffs' expert's opinion is "preliminary" and thus barred entirely by Rule 26. As to the relief sought striking rebuttal opinion in violation of this Court's Order, Counsel for Plaintiffs agreed in principle that portions of the report offering rebuttal opinion should be stricken, however, the parties have yet to agree which portions constitute rebuttal. Should the parties agree on that language, Defendants will supplement this Motion accordingly under Local Rule. 3.01(g).

## II. Argument

This Court has inherent authority to enforce its own orders, police its docket, and bar the Plaintiffs from improperly disclosing expert witnesses. *See Malautea v. Suzuki Motor Company*, 987 F.2d 1536 (11th Cir. 1993). Plaintiffs missed the August 31, 2009 deadline that the Court set forth more than a year in advance, waited more than a month until after Defendants disclosed their experts, and only then sought leave to file their report. This Court, exercising its discretion, gave Plaintiffs a second chance. However, recognizing the unfair advantage this could provide Plaintiffs, included the express mandate that their expert was forbidden from rebutting the opinion of Defendants' experts.

Plaintiffs have flouted the second chance that this Court furnished them. The expert's "preliminary opinion"— which lists numerous categories the expert will require "to complete a forensic psychiatric evaluation and to formulate a final opinion on the questions at

issue"[4]—does not meet the requirements of Fed. R. Civ. Pro. 26(a)(2)(B), which requires a fully formed opinion and its entire basis. The Bursztajn Preliminary Opinion also does not meet the requirements of this Court's Order as it includes express rebuttal opinion.

### A. Dr. Bursztajn's Preliminary Opinion is Insufficient Under Rule 26(a)(2)(B)(i).

Rule 26 requires that the report "contain a *complete* statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2); *Reese v. Herbert*, 527 F.3d 1253(11th Cir. 2008)(emphasis added). Indeed, an expert witness opinion must be so complete that "opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *See Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998) (citing *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.1995)). Because the expert witness rules were "designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese*, 527 F.3d at 1266 (citing *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *rvs'd on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457-58 (2006)).

Additionally, expert reports must not be "preliminary" in nature, and the disclosures must not be used as a means to extend a discovery deadline. *See id.* Indeed, Rule 26 does not allow for preliminary reports, because:

> [t]o rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could

---
[4] *See* Bursztajn Preliminary Opinion at p. 10.

5

> "supplement" existing reports and modify opinions previously given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions.

*Byther v. City of Mobile*, 2005 WL 1527677 at *1 (S.D. Ala. June 17, 2005)(quoting *Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M.2003)). *See also Carter v. The Finely Hospital*, 2003 WL 22232844, *2 (N.D.Ill. Sept.22, 2003) (concluding that "[i]t is disingenuous to argue that the duty to supplement under Rule 26(e)(1) can be used as a vehicle to disclose entirely new expert opinions after the [expert disclosure] deadline established by the court....").

The very title of the Bursztajn Preliminary Opinion, "Preliminary Forensic Psychiatric Opinion," as well as his comments to the *Orlando Sentinel* on December 4th admitting that his findings are only "preliminary," (*see* Exh. A.), demonstrates that the report is prohibited under Rule 26 and reveals the provisional nature of Dr. Bursztajn's opinions. Additionally, the report's headings explicitly purport to be the "Preliminary Opinion" and "Summary of Preliminary Opinion." *See id.* at p.2, 10. It is therefore implausible that an expert's report can be considered "complete" where, by its own admission, it is merely a "preliminary opinion." *Id.*

The substance of the report is as expressly tentative and incomplete as its headings. Dr. Bursztajn begins by acknowledging that his opinion as to the ultimate causation of Melinda Duckett's suicide is tentatively "based on my review and analysis of the data made available to me <u>to date</u>" and that it is only "my <u>preliminary</u> forensic psychiatric opinion." *Id.* at p.2, ¶ A (emphasis supplied). Then, in addressing his opinion regarding Defendants'

knowledge of Melinda Duckett's mental state, Dr. Bursztajn acknowledges that he "will rely on <u>further discovery</u> to provide a <u>fuller</u> picture." *Id.* at p.4, ¶ B (emphasis supplied). Further, throughout the report, Dr. Bursztajn cautiously relies upon the qualifying statement "if it is determined by the finder of fact," thereby adding to the tentative basis of his opinion, such that portions of his opinion would be without necessary foundation were the fact finder to fail to make such a determination. *See id* at p.4, ¶ 4, p., ¶¶ 3 and D. Dr. Bursztajn also creates discovery wish lists, noting additional items he would find it "helpful in discovery to learn" and thus further informing his opinion. *See id.* at p.4, ¶2, p.10. ¶ A-G. Finally, Dr. Bursztajn cautiously ends his report with an entire section titled "Supplementation of Opinion," in which he furnishes himself breathing room and more time to formulate a complete opinion. *See id* at p.10.

While the rules permit a supplementation of an expert's report, Dr. Bursztajn does far more than invoke that opportunity here. By expressly reserving the right to rely on future supplementation to complete his preliminary opinions in the first place — *see e.g. id.* at p.10 (emphasis added), "in order to *complete* a forensic psychiatric evaluation and to formulate a *final* opinion on the questions at issue, it will be helpful to review and analyze additional materials . . ." — the Bursztajn Preliminary Opinion is irretrievably flawed. *See Byther,* 2005 WL 1527677 at *1 (noting that supplementation provision in rule does not excuse finality requirement for expert reports rendered under courts' scheduling deadlines). Indeed, Dr. Bursztajn lists no less than five categories of significant discovery that he suggests must take place before he can form a final conclusion, each having been within the purview of Plaintiffs for some time, including:

7

- Forensic psychiatric interviews and assessments of Melinda Duckett's sister, parents and grandparents;
- Review of Defendants' records of contacts and communications with Melinda Duckett;
- All records of Defendants regarding Melinda Duckett;
- Any records of agreements with Melinda Duckett and Defendants;
- Any materials and notes produced in preparation of Melinda Duckett's interview with Defendants;
- Any depositions taken in this case, including those of CNN staff members and Nancy Grace.

*See id.* at p.10. It is therefore readily apparent that Dr. Bursztajn's report is woefully insufficient under the standards of Rule 26(a)(2)(B), as on its face it does not reflect his "complete opinions" or the complete basis for them.

### B. Dr. Bursztajn's Preliminary Opinion Directly Violates this Court's Order Forbidding Rebuttal of Defendants' Experts.

Not only have Plaintiffs failed to meet their expert disclosure by submitting a tentative, preliminary report, but they have blatantly violated the Court's Order specifically providing that "to further avoid any prejudice to Defendants as a result of the late disclosure, Plaintiffs' expert report(s) should *not* be used to rebut the opinions of Defendants' experts." Order of October 20, 2009, at p. 7-8 (Dkt. No. 109)(emphasis in original). This remedy was fashioned to ameliorate the prejudice to Defendants by disclosing their experts prior to Plaintiffs, contrary to the timing and sequence of the Court's Scheduling Order (Dkts. No. 54 & 56). In spite of this Court's very clear directive, Dr. Bursztajn's report includes a lengthy, point-by-point rebuttal of the report of Defendants' expert, Dr. Andrew E. Slaby. The report therefore violates this Court's Order and, for this reason as well, should be stricken. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir.1996)(affirming district court's order striking of expert report under Rule 37(b)(2) for failure to comply with a discovery order).

## C. Rule 37 Sanctions are Appropriate and Necessary to Mitigate the Continued Prejudice to Defendants by Plaintiffs' Actions, Including Award of Attorneys' Fees and Other Relief.

"[A] primary purpose of Rule 37 sanctions is to deter future abuse of discovery." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.43 (11th Cir. 1997)(citing *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir.1985)(citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam))). Throughout the course of discovery in this case, Plaintiffs have ignored rules, the deadlines in the Scheduling Order, and now the explicit Order of this Court. Rule 37(b)(2)(A)(ii) provides that where a party fails to obey a Discovery Order, the Court may issue additional orders which "prohibit[s] the disobedient party from . . . introducing designated matters in evidence." *Id.* As such, all material in violation of the Court's October 20th Order must be stricken.

Further, Rule 37(c)(1) "Failure to Disclose" provides that where a party "fails to provide information or identify a witness as required by Rule 26(a) . . .the party is *not allowed* to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." *Id.* (emphasis added). Where expert disclosures are insufficient, courts have routinely stricken, excluded, and/or limited the reports and testimony. *See Bray & Gillespie Management LLC v. Lexington Ins. Co.*, 2009 WL 1043974 (M.D. Fla. 2009)(granting motion to strike portions of expert report not in compliance with Rule 26(a)(2)(B)); *Whetstone Candy Co., Inc. v. Nestle USA, Inc.*, 2003 WL 25686830 at *3-4 (M.D. Fla 2003)(granting motion to exclude insufficient expert testimony and limiting expert to testify only to that which he opined upon in his original report). *See*

*also Bowman v. Hawkins*, 2005 WL 1527677 at *2-3 (S.D. Ala. 2005)(limiting expert to testify only to that which was relied upon in his "preliminary" report); *Hallmark Developers, Inc. v. Fulton County*, 2004 WL 5492706 at *6-7 (N.D. Ga. 2004)(excluding the use of insufficient preliminary expert reports on summary judgment); *Smith v. State Farm Fire and Casualty Co.*, 164 F.R.D. 49, 53 (S.D.W.Va.1995)("The incentive for total disclosure is the threat that expert testimony not disclosed in accordance with the rule can be excluded pursuant to Rule 37...").

Plaintiffs' noncompliance with the Rules and this Court's Order warrants no forgiveness under the appropriate legal standard,[5] where the burden of showing that the noncompliance is substantially justified or a result of harmless error rests with the noncomplying party. *Weaver v. Lexington Ins. Co.*, 2007 WL 1288759, *2 (M.D. Fla. May 2, 2007)(citation omitted). Given the fact that Plaintiffs were granted two extensions by this Court, there would be no justification, at all, for this further inexcusable delay.

Furthermore, Plaintiffs' actions are hardly harmless, as an entire satellite litigation has developed due to Plaintiffs' continued intransigence towards the rules and Orders of this Court. Defendants have suffered continued unnecessary expense in discovery disputes occasioned by Plaintiffs' failure to follow clear and specific rules and Orders. In these circumstances, to mitigate harm to parties like the Defendants here, Rule 37(c)(1) provides that the court may impose other appropriate sanctions including the "payment of the

---

[5] Generally, when assessing whether there was substantial justification for the failure to disclose or whether the failure was harmless, courts consider four factors: (1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice. *Warner v. Ventures Health Care of Gainesville, Inc.*, 2001 WL 36098008 (M.D. Fla. 2001, J. Jones) (citing *Sullivan v. Glock*, 175 F.R.D. 497, 506-07 (D. Md. 1997).

reasonable expenses, including attorney's fees, caused by the failure . . . and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(A)-(C). Moreover, the Court has particularly broad discretion in sanctioning discovery abuse. *See Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir.1993). Strict adherence to Rule 37 is necessary to prevent parties from "flouting discovery orders." *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir.1987) (citations and quotations omitted).

Therefore, pursuant to Rule 37, this Court should strike and bar Dr. Bursztajn as a testifying expert for Plaintiffs' egregious failure to abide by the Court's Orders and the plain language of Rule 26(a)(2)(B), and order that, within 30 days, Plaintiffs' pay Defendants' attorneys fees and expert witness fees precipitated by Plaintiffs' delay, including the costs and fees related to this motion and all other motions related to Plaintiffs' request for an extension of time to disclose an expert. *See Orgler Homes, Inc. v. Chicago Regional Council of Carpenters,* 2008 WL 5082979 at *2 (N.D. Ill. 2008) (Plaintiffs' counsel ordered to reimburse defendants $64,382.95 for fees and costs that arose after plaintiffs failed to properly designate experts, including reasonable attorney's fees and expert witness fees).

## VI. Conclusion

For these reasons, the Court should grant Defendants' Motion to Strike and Exclude and issue the mandatory sanctions of costs and fees necessitated by Plaintiffs' violation of the Rules, and for such other relief as this Court may deem appropriate.

Respectfully Submitted,

**HOLLAND & KNIGHT LLP**
Counsel for Defendants
Judith M. Mercier
Florida Bar No. 32727
200 S. Orange Avenue, Ste. 2600
Orlando, Florida 32801-3453
Telephone: (407) 425-8500
Facsimile: (407) 244-5288

Charles D. Tobin
Florida Bar No. 0816345
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564

By: /s/ Judith M. Mercier

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 7, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following parties of record: Counsel for Plaintiffs, Jay Paul Deratany, Esquire and Kara Skorupa, Esquire, Deratany, Skorupa & O'Hara, P.A., Crystal Tree Centre, 1201 U.S. Highway One, Suite 315, North Palm Beach, Florida.

/s/ Judith M. Mercier