# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

ESTATE OF MELINDA DUCKETT,
by and through her personal representative,
KATHLEEN CALVERT, and BETHANN
and WILLIAM GERALD EUBANK,
as legal parents of MELINDA DUCKETT,
and as grandparents and next friends of T.D., a child
and M.E., a minor sibling of MELINDA DUCKETT,

      Plaintiffs,

                               CASE NO. 5:06-cv-444-WTH-GRJ

vs.

CABLE NEWS NETWORK LLLP (CNN),
a Delaware corporation, NANCY GRACE,
individually and as an employee/agent of CNN,
various unnamed producers of the "Nancy Grace"
Show,

      Defendants.

_____/

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COMES NOW, Plaintiffs, by and through undersigned counsel and pursuant to Fed. Rule

Civ. Pro. 15(a), respectfully request this honorable court to grant leave, thereby permitting Plaintiffs to

file an Amended Complaint and state as follows:

## PROCEDURAL HISTORY

1.    Plaintiffs filed their original complaint in the Circuit Court of Lake County, Florida on

November 21, 2006.

2.    The complaint alleged four state law claims against the Defendants:

    (i)    a claim by Melinda Duckett's Estate under Florida's Wrongful Death
        Act,Fla. Stat. §768.19, premised on the Defendants intentional infliction of
        emotional distress and Ms. Duckett's resulting suicide;

    (ii)    a claim by Melinda Duckett's parents and her minor sister for intentional
        infliction of emotional distress, premised on the Defendants' initial and
        continued airing of Nancy Grace's telephone interview with Ms. Duckett;

(iii)   a claim by all Plaintiffs against the Defendants and Joshua Duckett (the father of T.D.) requesting an equitable accounting of all reward monies and donations made to the T.D. Family Charitable Trust Fund; and

(iv)   a claim of misappropriation of likeness by Melinda Duckett's estate.

3.   Defendants CNN and Nancy Grace filed a Notice of Removal to the United States District Court, Middle District, Ocala Division on December 20, 2006.

4.   Plaintiffs filed a Motion for Leave to File Amended Complaint with proposed Amended Complaint attached and filed Petition to Remand in the Middle District on January 17, 2007.

5.   Magistrate Gary Jones filed a Report and Recommendation that Plaintiffs' Petition for Remand be denied on June 18, 2007.

6.   On June 27, 2007, Plaintiffs filed another motion for leave to amend ("Plaintiff's Motion for Leave to File Second Amended Complaint").

7.   Both motions for leave to amend sought to add claims for equitable accounting and for fraud against Laurie Konnerth, the trustee of the T.D. Family Charitable Trust Fund, and to allege these claims against Joshua Duckett.

8.   On July 16, 2007, this Court denied the Plaintiff's Motion to Remand, denied both of Plaintiffs' Motions for Leave to Amend their Complaint, found the Plaintiffs lacked standing to bring a claim for equitable accounting, and dismissed Joshua Duckett from this case.

9.   The July 16, 2007, order stated that "this case shall go forward against Defendants CNN and Nancy Grace on the claims of wrongful death, intentional infliction of emotional distress, and misappropriation of likeness as set forth in the Plaintiffs original complaint (the four counts stated above in para. (2)(i)-(iv)). Count III (Accounting for Reward Monies), was dismissed. This order also stated "Within twenty (20) days from the date of this order, the Defendants shall answer or otherwise respond to Plaintiffs' complaint.

10.     On August 3, 2007, Defendants, CNN and Nancy Grace, filed a Motion to Dismiss Plaintiff's Complaint and Memorandum of Law.

11.     On August 30, 2007, Plaintiffs, in response to the Defendants' Motion to Dismiss, voluntarily withdrew their claim for misappropriation of image/likeness.

12.     On July 31, 2008, this court entered an order stating, in relevant part, that Plaintiff's claim for misappropriation of image/likeness was dismissed without prejudice, Defendants', CNN and Nancy Grace, Motion to Dismiss Plaintiff's Complaint (as to Plaintiffs' two remaining counts) was denied, and Defendants were directed to file their answers to the Complaint within twenty (20) days of this order.

13.     As of the July 31, 2008, order, the remaining counts in Plaintiffs' Complaint were as follows:

**Count I** – Intentional Infliction of Emotional Distress Under Florida Wrongful Death Act For Estate of Melinda Duckett and Personal Representative Kathleen Calvert;

**Count II** – Intentional Infliction of Emotional Distress for Bethann [sic] and William Gerald Eubank, and M.E., a Child and Injunctive Relief;

14.     On August 19, 2008, Defendants, CNN and Nancy Grace, filed their Answer and Affirmative Defenses to Plaintiffs' Complaint.

15.     Plaintiffs presently request this honorable court to grant them leave to amend their complaint in order to add two causes of action against both CNN and Nancy Grace – counts of negligence and tortious interference with a police investigation.

16.     By allowing Plaintiffs' amendment, there will be no undue prejudice on part of the Defendants and there is no undue delay, bad faith or dilatory motive on part of Plaintiffs.

WHEREFORE, Plaintiffs respectfully request this honorable court to grant them leave to file their Amended Complaint.

## MEMORANDUM OF LAW

### I.    FEDERAL RULE OF CIVIL PROCEDURE 15(a) IS TO BE LIBERALLY CONSTRUED TO GRANT LEAVE TO AMEND PLEADINGS

Federal Rule of Civil Procedure 15 (a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This requirement is to be "liberally construed." *U.S. v. Keystone Sanitation Co., Inc.,* 903 F.Supp. 803, 814 (M.D. Pa. 1995). The 11th Circuit Court of Appeals held in *Burger King Corp. v. Weaver,* that "a substantial reason must exist" for the court to a party's motion for leave to amend. *Burger King Corp., v. Weaver,* 169 F.3d 1310, 1319, (11th Cir. 1999), quoting *Dussoy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981)(Emphasis added). The court may consider several factors in deciding whether to grant a motion for leave to amend such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to opposing party, or futility of the amendment. *Id.*,citing *Foaman v. Davis,* 371 U.S. 178, 182 (1962).When applying these factors, Plaintiffs do not exhibit any of these criteria as Plaintiffs did not anticipate adding the currently requested causes of action to the lawsuit when they filed their previous Motions for Leave to Amend.

#### 1.    Negligence

"The obvious intent of Rule 15(a) is to evince a bias in favor of granting leave to amend." *Duffy v. Anitec Image Corporation,* 1991 WL 44834 (N.D.N.Y. 1991)."The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is inconsistent with the sprit of the Federal Rules…*Delay alone* unaccompanied by such a 'declared reason' does not usually warrant denial of leave to amend." *Rachman Bag Co., v. Liberty Mutual Insurance Co.,* 46 F.3d 230, 234 (1995) (emphasis added). There is no bad faith or dilatory motive to the request for adding a negligence cause of action against Defendants, CNN and Nancy Grace.   To date, discovery depositions are still open, and

Plaintiffs have determined that there has been negligent conduct on the part of the Defendants. Plaintiffs' counsel has become privy to information which supports the assertions of negligent conduct on the part of Defendants. Plaintiffs' counsel has just recently found it well-advised, in the interests of serving their clients to the fullest duties owed, to add a cause of action to this complaint under the theory of negligence. As depositions unfold and voluminous documents get sifted through during the still-open schedule of discovery depositions, Plaintiffs have a reasonable basis for the addition of this claim. Due to conduct beyond the Plaintiffs' control, Defendants recently continued several depositions into January, 2010. At this point, none of Defendants' witnesses have been produced for depositions. Therefore, there can be no prejudice on the part of the Defendants.

As to the element of "curing any deficiency," there have there have been no failures to cure any deficiencies by previously allowed amendments in this case as there have been no amendments allowed to date. The claims which have been extinguished from the original complaint were against different parties than the currently named Defendants (with the exception of misappropriation of likeness, which was voluntarily dismissed by Plaintiffs), and this was because Plaintiffs lacked standing against the other defendants which were sought to be added through amendment to the complaint. This Court found that Plaintiffs do have standing to sue CNN and Nancy Grace, and those viable claims have sustained these Defendants' Motion to Dismiss. The amendments that the Plaintiffs seek to add to the present complaint against CNN and Nancy Grace are not in an attempt to "cure a defect" in any earlier pleadings, but rather, are sought to be added due to factual and legal determinations out of recent discovery.

There will be no "undue prejudice" placed upon the Defendants if leave to amend is granted as discovery depositions are still open, the dispositive motions deadline was ordered extended until March 15, 2019, and the trial date is not set until July, 2010. Plaintiffs can file a

negligence cause of action with the discovery already completed, as well as from any information extracted from Defendants' recently-continued depositions. Plaintiffs have a viable negligence claim based on the existing facts, law, and evidence, therefore, they will not have to seek additional time to conduct discovery. Defendants are equally in an available position to investigate these claims and/or defenses without having to conduct additional discovery. Defense counsel's law firm is equipped enough to answer to claims which arise out of the same conduct, transaction, and occurrence set out in the original pleading, as they have responded with numerous motions and pleadings to date based on the original claims. The factual assertions in the Plaintiffs' proposed amended complaint remain the same, and there will only be changes in the theory of recovery. In *Oneida Indian Nation of New York State v. County of Oneida, N.Y.,* the United States District Court defined the "prejudice" element as it relates to this analysis:

> "Prejudice alone is insufficient to justify a denial of leave to amend; rather the necessary showing is 'undue prejudice to the opposing party.' In determining what constitutes undue prejudice, courts generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial, [or] (ii) significantly delay the resolution of the dispute....The prejudice inquiry involves a balancing process. The court must weigh the potential for prejudice resulting from granting the amendment against the risk of prejudice to the moving party if the amendment is denied." *Oneida Indian Nation of New York State v. County of Oneida, N.Y.,* 199 F.R.D. 61, 77 (N.D.N.Y. 2000).

Here, Defendants would not have to expend any additional resources to conduct discovery or prepare for trial as the Plaintiffs claims arise out of the same conduct, transaction, and occurrence as the claims currently at issue. There is more than enough time for the Defendants to adequately respond to the Plaintiffs' additional claims. Also under *Oneida,* the non-moving party [Defendants] bears the burden of demonstrating that "substantial prejudice" would result if proposed amendment were to be granted. *Id.* Here there is no substantial prejudice. Plaintiffs will require no new discovery to take place for the prosecution of these claims. They discovered the negligent conduct through production request to date, therefore, do

not need to re-open discovery. No additional depositions would be necessary for the prosecution of these claims as well as they are viable enough at this time.

Finally, as to "futility of the amendment," this element means that the complaint, as amended, would fail to state a claim upon which relief may be granted. *Shane v. Fauver,* 213 F.3d 113, 115 (3rd Cir. 2000). Here, Plaintiffs seek to add a count of "negligence" against CNN and Nancy Grace, and the facts plead in this claim arise out of the same conduct, transaction and occurrence of which the IIED claims already in existence arise from. "In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* "If the proposed claim sets forth facts and circumstances which *may* entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment." *Oneida,* 199. F.R.D. at 87. The facts as plead in this case are more than sufficient enough to sustain a claim of negligence against the Defendants, and would indefinitely sustain any challenge based on Rule 12(b)(6) as negligence is a claim which relief can be granted. (See attached Plaintiffs' Proposed Amended Complaint for factual and legal allegations applicable to the negligence cause of action).

Therefore, Plaintiffs should be granted leave to amend their complaint in order to add a claim of negligence, arising out the same conduct, transaction and occurrence as the currently filed claims, against Defendants CNN and Nancy Grace.

### 2.    Tortious Interference With a Police Investigation

"Mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for denial of leave to amend...if a lengthy delay does exist before a motion to amend is made, it is incumbent upon the movant to offer a valid explanation for the delay." *Oneida,* 199 F.R.D. at 74. Tortious Interference With a Police Investigation should be a recognized cause of action because it is a corollary of the torts of Tortious Interference With a Business Relationship and Tortious Interference with a Contract. If a party can be held liable for interference with the

existing *business or contract* relationship between two other parties, then it is just as logical and plausible for a party to be liable for interfering with the police and the subjects of their investigations. Here, the relief sought arises out of the same transaction or occurrence which formed the basis for the original complaint.(See attached Plaintiffs' Proposed Amended Complaint for factual and legal allegations applicable to the tortious interference with a police investigation cause of action).

Plaintiffs can find no case which either granted *or denied* filing a tortious interference with a police investigation cause of action. Because this is corollary of law that has not been explored by many courts, Plaintiffs have a good faith basis to request to modify, or in the alternative, to establish new law. This tort is not an extension of the law but is a logical corollary of existing law, that being tortious interference with a business relationship and tortious interference with a contract. If the Court recognizes interference with a business relationship or a contract to be a viable claim, then certainly it would stand to read that a claim for interference with a police investigation should be recognized. In this case there was a police investigation into the abduction of a two-year old child who had been missing *only one week* before Defendants excoriated on live television his mother in a cruel and vicious fashion. They knew or should have known Melinda Duckett was a mentally disturbed woman when they interfered with a police investigation by admittedly conducting their own prosecutorial investigation into the matter (See CNN e-mail stating Nancy Grace is proud to be a prosecutor attached as Exhibit"A"). Defendants' conduct caused Melinda Duckett to commit suicide during the pinnacle of the police investigation, which ultimately prevented the police from finding her child. Today society is at a great loss because when any child is abducted it affects us all. Despite that Nancy Grace may think she is playing the role of a prosecutor that is NOT her job. The police, with their forensic experience and psychological profiling abilities, had the duty to

aptly interrogate Melinda Duckett into the disappearance of her child. Defendants make admissions that Nancy Grace thought "she was a prosecutor today [the day Melinda was interviewed]." (See Exhibit "A"). This was not her role. Her role, as she told Melinda's attorney, was simply to show pictures of T.D. ("picture show") and to play the part of an *objective* television host with the hopes of spreading the word of Melinda Duckett in urgent hopes that some viewer would call in with information as to her son's whereabouts.

Recently the deposition of Kim Schulte was taken on December 22, 2009. During that deposition, Plaintiffs learned that Defendants made misrepresentation in that the only reason Melinda was to be on the television show for the purpose of a "picture show," and not to interrogate Melinda (Deposition transcript to be attached upon receipt). Arguably, Melinda's child is gone today due to the actions of Nancy Grace and the producers at CNN. The police could have been able to extract more information. There is certainly no bad faith or dilatory motive to the request for adding a tortious interference with a police investigation cause of action against Defendants, CNN and Nancy Grace.

As to the "undue prejudice" element, the amendment of the complaint to allow pleading this tort would not require the Defendants to expend additional resources to conduct discovery and prepare for trial. Plaintiffs have determined they have a basis for this tort based on prior discovery to date. Depositions do not need to be scheduled for the prosecution of this claim, and in the event any further witnesses were to be called to testify as to this tort, Defense counsel has abundant time to prepare for cross-examination since the trial date is over six months away. The court must weigh the potential for prejudice resulting from granting the amendment against the risk of prejudice to the moving party if the amendment is denied. Plaintiffs' counsel should be allowed to assert this cause of action with the intent to adequately vindicate their clients' rights as well as to set the framework in helping establish innovative and

necessary corollaries of law in this jurisdiction. This proposed claim arises from the circumstances of the pleadings in the original complaint, therefore, Plaintiffs would be unduly prejudiced if they could not assert this claim of which was unknown to them, their counsel, and most courts at the time of Plaintiffs' earlier filings.

Finally, as to the "futility of the amendment" element, "If the proposed claim sets forth facts and circumstances which *may* entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment." *Oneida,* 199. F.R.D. at 87. This cause of action is being properly asserted for the purpose of modifying current law, or for establishing corollaries of existing principles of law. This tort is logically similar to well-established principles of law related to tortious interference with a business relationship and tortious interference with a contract. "While purely frivolous claims should be sanctioned, claims alleging innovative interpretations of the law should not." *Hobgood v. David, Kamp & Frank, LLC.,* 2009 WL 3063924 (M.D.Ga 2009). Because this is a claim for which relief could be granted, any amendment adding this claim cannot be considered futile.

Therefore, Plaintiffs should be granted leave to amend their complaint to add a claim of Tortious Interference With a Police Investigation, arising out the same conduct, transaction and occurrence as the currently filed claims, against Defendants CNN and Nancy Grace.

## II.    PLAINTIFFS' ADDITIONAL TWO CLAIMS SATISFY FEDERAL RULE OF CIVIL PROCEDURE 15(c) IN THAT THEY RELATE BACK TO ORIGINAL PLEADINGS

"As long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint, there will be no bar to amendment; even new defendants and new theories of recovery will be allowed."*Williams v. U.S.,* 405 F.2d 234, 237 (5th Cir. 1968), citing *Travelers Insurance Co. v. Brown,* 338 F.2d 229, 234 (5th Cir. 1964). Federal Rule of

Civil Procedure 15(c) states, in relevant part, that: "An amendment to the pleading relates back to the date of the original pleading when:

(A) The law provides the applicable statute of limitations allows relation back;

(B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading…" Fed. R. Civ. P. 15(c).

Here, this amended complaint will add two causes of action which arose out of, and will refer to, the same transaction, conduct and occurrence that formed the basis for the original complaint filed in November, 2006, and for which the Defendant was placed on notice. Although Plaintiffs seek to add new theories of recovery, these must be allowed under the purview of the relation back doctrine.

Plaintiffs' proposed amended complaint sets forth claims which arise out of the same conduct, transaction and occurrence set out in the Plaintiffs' initial complaint. The negligence cause of action relates back to Defendants' breach of duties owed to Plaintiffs at the same times and dates which are set forth in the existing IIED causes of action. This cause of action, though based on a different theory of recovery, nevertheless would be unaffected by any statute of limitations argument because it relates back to the IIED counts in compliance with Federal Rule of Civil Procedure 15(c).

Additionally, the tortious interference with a police investigation cause of action relates back to conduct taking place, as alleged, on or around the dates and times mentioned in the present IIED claims against Defendants. Defendants' conduct of intentionally interfering with a police investigation about the disappearance of Melinda Duckett's son can be plead as occurring on the same dates as alleged in the IIED claims. The damages sustained by the Plaintiffs occurred as a result of Defendants' acts arising out of the same conduct, transaction, and occurrence as alleged in the IIED claims. Therefore, this claim relates back to the original

pleadings and any statute of limitations argument must fail.

WHEREFORE, Plaintiffs, by and through their undersigned counsel, respectfully request this honorable court to grant them leave to file their Amended Complaint.

## CERTIFICATE OF GOOD FAITH DISCUSSION
## WITH OPPOSING COUNSEL

Pursuant to Local Rule 3.01, Plaintiffs' counsel, Jay Paul Deratany, sent a letter to Defendants' counsel on December 28, 2009, and informed counsel of his intent to file a Motion to Amend Plaintiffs' Complaint to include two additional causes of action. On December 29, 2009, counsel for the Defendants sent an e-mail to Plaintiffs' counsel stating that they disagreed with the filing motion.

DATED this 31st day of December, 2009 and respectfully submitted by Attorneys for Plaintiffs.

> DERATANY, SKORUPA & O'HARA, P.A.
> Attorneys for Plaintiffs
> Crystal Tree Centre
> 1201 U.S. Hwy One, Suite 315
> North Palm Beach, FL 33408
> Telephone: (561) 624-7989
> Facsimile: (561) 627-5734
>
> By: /s/ Jay Paul Deratany
>     JAY PAUL DERATANY
>     FL Bar No.: 837880
>     KARA ANN SKORUPA
>     FL Bar No.: 0739561

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to **Charles D. Tobin, Esquire**, and **Judith M. Mercier, Esquire,** Holland & Knight LLP, Attorneys for CNN and Nancy Grace, 200 S. Orange Avenue, Suite 2600, Orlando, FL 32801 and 2099 Pennsylvania Ave., N.W., Suite 100, Washington, D.C. 20000 on this 31st day of December, 2009;

DERATANY, SKORUPA & O'HARA, LLP
Attorneys for Plaintiff
Crystal Tree Office Centre
1201 U.S. Highway One, Suite 315
North Palm Beach, FL 33408
Telephone: (561) 624-7989
Facsimile: (561) 627-5734

By: /s/ Jay Paul Deratany
    JAY PAUL DERATANY
    FL Bar No.: 837880
    KARA ANN SKORUPA
    FL Bar No.: 0739561

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

ESTATE OF MELINDA DUCKETT,
by and through her personal representative,
KATHLEEN CALVERT, and BETHANN
and WILLIAM GERALD EUBANK,
as legal parents of MELINDA DUCKETT,
and as grandparents and next friends of T.D., a child
and M.E., a minor sibling of MELINDA DUCKETT,

      Plaintiffs,

                                  CASE NO. 5:06-cv-444-WTH-GRJ

vs.

CABLE NEWS NETWORK LLLP (CNN),
a Delaware corporation, NANCY GRACE,
individually and as an employee/agent of CNN,
various unnamed producers of the "Nancy Grace"
Show,

      Defendants.

_____/

## PLAINTIFFS' AMENDED COMPLAINT

COMES NOW the Plaintiffs, ESTATE OF MELINDA DUCKETT, by and through her

personal representative KATHLEEN CALVERT, BETHANN EUBANK and WILLIAM GERALD

EUBANK, as legal parents of MELINDA DUCKETT, and as legal grandparents and next friends of

T.D., a child, and M.E., a minor sibling of MELINDA DUCKETT, by and through undersigned

attorneys, DERATANY, SKORUPA &O'HARA, PA., and file this Amended Complaint against

the Defendants, alleging upon information and belief as follows:

1. At all times material hereto, Plaintiffs ESTATE OF MELINDA DUCKETT and Plaintiffs

decedent, MELINDA DUCKETT was a resident of Leesburg, in Lake County, Florida.

2. At all times material hereto, Defendant, NANCY GRACE, is an employee and/or agent of

CNN, which airs the "Nancy Grace" Show, and causes this show to be broadcast nationally.

3. At all times material hereto, Plaintiffs do complain of wrongs committed by Defendants, all of them, that occurred in Lake County, Florida.

## COUNT I - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER FLORIDA WRONGFUL DEATH ACT FOR ESTATE OF MELINDA DUCKETT AND PERSONAL REPRESENTATIVE KATHLEEN CALVERT

4. On or about August 27, 2006, and at all times relevant hereto, Defendant, NANCY GRACE, was an employee and agent of CNN, hosting a show called "Nancy Grace" which purports to discuss crime and legal issues and purports to assist in the solving of crimes.

5. On or about August 27, 2006, Plaintiffs decedent, MELINDA DUCKETT, did become aware that her child, two year old T.D., was missing and/or abducted.

6. On or about September, 7, 2006, Defendant NANCY GRACE and/or her associates and subordinates and employees of CNN and the "Nancy Grace" show, did solicit MELINDA DUCKETT to appear, via telephone, on the show "Nancy Grace" and did deliberately make certain promises and representations to MELINDA DUCKETT that appearing on the show might assist in conveying to the public that her child, T.D., was missing, which might help in the return of said child, knowing that they intended to surprise MELINDA DUCKETT with accusations, questions and verbal assaults clearly intending to intimate that she murdered her child, T.D.

7. Defendant, NANCY GRACE, and/or her associates and subordinates and employees producers of the "Nancy Grace" show did commit fraudulent misrepresentation on MELINDA DUCKETT by committing a false statement of material fact that the purpose of her appearance was to ask the public for help in finding her missing child, T.D.

8. That Defendant, NANCY GRACE, and/or her associates and subordinates and

employees and producers knew was false and made the representation with the intention to induce MELINDA DUCKETT to appear on the "Nancy Grace" show.

9. That by committing fraudulent misrepresentation on MELINDA DUCKETT, Defendant, NANCY GRACE, did cause injury to MELINDA DUCKETT.

10. That all times relevant, Defendant, NANCY GRACE, and/or her associates and subordinates and employees and producers of the 'Nancy Grace" show, knew that MELINDA DUCKETT was in a severe state of mental anguish and distress, yet despite having such knowledge invited her to appear on the show by making false misrepresentations that the sole purpose of the show was to convey to the public that T.D. was missing. NANCY GRACE, her subordinates, and producers of the CNN show "Nancy Grace" failed to inform MELINDA DUCKETT, the anguished mother of a missing child, that once she appeared on the show, NANCY GRACE would subject her to outrageous conduct such as severe interrogation, fist-pounding, and veiled accusations that she was responsible for her child T.D.'s disappearance and death.

11. By the above acts, Defendant, NANCY GRACE, and/or her associates and subordinates and employees and producers of the "Nancy Grace" show and each of them, did intend to and did deliberately or with malicious and conscious disregard cause severe emotional distress, to or recklessly disregarded the probability of causing severe emotional distress to or should have known that severe emotional distress would likely result to MELINDA DUCKETT by one or more of the following outrageous acts or omissions:

      a. Deliberately misled MELINDA DUCKETT into falsely believing that the purpose of appearing on the show was to publicize her child's disappearance and ask the public for help, when Defendant NANCY GRACE, knew and

intended to verbally assault and harass MELINDA DUCKETT;

b. Deliberately and falsely misled MELINDA DUCKETT'S personal attorney by stating that the purpose of MELINDA DUCKETT going on the show was "informational" and to inform the public of T.D. 's disappearance;

c. Failed to advise MELINDA DUCKETT or her personal attorney of the real purpose of the show, which was to try to obtain a confession as to "where she was" on the night that T.D. disappeared;

d. Failed to advise MELINDA DUCKETT or her personal attorney that Defendant, NANCY GRACE, would be conducting a cross examination and either directly or impliedly accusing MELINDA DUCKETT of murdering her child;

e. Harassing and intimidating an anguished and severely mentally distressed mother by verbally accosting her and intimating that she murdered her own child.

12. That Defendant, NANCY GRACE, and/or her associates and subordinates and employees and producers did commit extreme and outrageous conduct that goes beyond all bounds of decency tolerated in the community.

13. That, by the verbal attacks, in combination with the fraudulent misrepresentation and their knowledge of the emotional and mental distress of MELINDA DUCKETT, Defendant NANCY GRACE and her associates and subordinates and employees and producers did intend to and did cause severe emotional distress to the Plaintiffs' decedent, MELINDA DUCKETT.

14. That, at all times relevant hereto, there was in force and effect the Florida Wrongful Death Act, § 768.19 (Fl. Statutes).

15. That Defendants, each of them, did inflict pain, suffering, embarrassment, humiliation, intimidation on MELINDA DUCKETT, when they knew she was in a severely emotionally distraught state, and thereby did with malicious and contumacious disregard cause her emotional distress cause her severe emotional distress which was a cause or the proximate cause of her death by suicide on September 8, 2006.

WHEREFORE, Plaintiffs ESTATE OF MELINDA DUCKETT and personal representative, KATHLEEN CALVERT, respectfully move this Court to award judgment in excess of $15,000 (fifteen thousand dollars) and for funeral expenses, loss of prospective wages, and punitive damages in an amount sufficient to punish Defendants, all of them, and to deter Defendants, and other from similar conduct in an amount to be determined by the jury together with the costs of this lawsuit. Plaintiffs demand trial by Jury on all issues so triable.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FOR BETHANNY AND WILLIAM GERALD EUBANK, AND M.E., A CHILD AND INJUNCTIVE RELIEF

16. Plaintiffs repeat and re-allege paragraphs 1 through 15 of Count I as if specifically alleged in Count II herein.

17. At all times relevant hereto, Defendant, NANCY GRACE, and/or her associates and subordinates and employees and producers, failed to obtain consent for the use of the videotape of the verbal abuse committed against MELINDA DUCKETT by Defendant NANCY GRACE.

18. That, after learning that MELINDA DUCKETT had committed suicide, Defendant, NANCY GRACE and/or her associates and subordinates and employees and producers decided to air the videotape of the interview between MELINDA DUCKETT and Defendant NANCY GRACE within hours of MELINDA DUCKETT's suicide in order to improve their ratings and for prospective monetary gain of Defendant NANCY GRACE and Defendant CNN in

malicious and contumacious disregard to inflicting severe emotional distress and damage to Plaintiffs BETHANN EUBANIC and WILLIAM GERALD EUBANK, as the legal parents of MELINDA DUCKETT, and to M.E., a minor sibling of MELINDA DUCKETT.

19. That Defendant NANCY GRACE and Defendant CNN continue to report the videotape of the said interview thereby continuing to cause repeated harm to Plaintiffs BETHANN EUBANK and WILLIAM GERALD EUBANK as the legal parents of MELINDA DUCKETT, and to M.E., a minor sibling of MELINDA DUCKETT.

20. That Defendant NANCY GRACE and/or her associates and subordinates and employees and producers and Defendant CNN aired the videotape of the verbal abuse of MELINDA DUCKETT within hours of her death, without the authorization of the Plaintiff ESTATE OF MELINDA DUCKETT and with knowledge that the Plaintiffs BETHANN EUBANK and WILLIAM GERALD EUBANK and M.E., a minor sibling of MELINDA DUCKETT, would be subjected to media and public harassment because Plaintiffs are close relatives of MELINDA DUCKETT.

21. That, by airing the videotape of the interview between Defendant, NANCY GRACE, and MELINDA DUCKETT, within hours of the death of MELINDA DUCKETT, Defendant, NANCY GRACE, and Defendant, CNN, intended to intimidate that the Plaintiff's decedent, MELINDA DUCKETT, was a murderer or otherwise responsible for the of her child, T.D., which said action is extreme and outrageous conduct which goes beyond all bounds of decency accepted in the community.

22. That, by airing the videotape of the interview between Defendant, NANCY GRACE and MELINDA DUCKETT, within hours of the death of MELINDA DUCKETT, Defendant, NANCY GRACE did intend to or with malicious disregard, inflict severe emotional distress

on Plaintiffs BETHANN EUBANK and WILLIAM GERALD EUBANK, as parents of

MELINDA DUCKETT, and M.E., a minor sibling of MELINDA DUCKETT, which has

caused there to be printed malicious statements against the parents on the internet.

23. That the above actions committed by Defendant, NANCY GRACE, and/or her

associates and subordinates and employees and producers and by Defendant CNN, did cause

and continue to cause Plaintiffs BETHANN EUBANK and WILLIAM GERALD EUBANK

and M.E., a minor sibling of MELINDA DUCKETT, to undergo severe emotional distress for

which they have sought psychological counseling and continue to suffer from emotional and

debilitating distress.

24. That the above actions committed by Defendant, NANCY GRACE, and/or her

associates and subordinates and employees and producers and by Defendant CNN, did cause

and continue to cause irreparable injury to Plaintiffs by the continual and excessive airing of

the interview between Defendant NANCY GRACE and MELINDA DUCKETT to a national

audience.

WHEREFORE, Plaintiffs, BETHANNY EUBANK and WILLIAM GERALD EUBANK

and their minor child, M.E., respectfully asks this Court to grant an injunction against Defendant,

NANCY GRACE, and Defendant CNN to prevent future intentional infliction of emotional

distress on Plaintiffs and/or for this Court to award monetary damages in excess of $15,000

(fifteen thousand dollars). Plaintiffs demand trial by jury on all issues so triable.

## COUNT III – ACCOUNTING FOR REWARD MONIES

25. Pursuant to the Court's Order dated July 16, 2007, Count III is no longer part of this

lawsuit.

## COUNT IV – MISAPPROPRIATION OF IMAGE/LIKENESS FOR ESTATE OF MELINDA

26. Count IV was dismissed from this lawsuit by the Court's Order dated July 30, 2007.

## COUNT V – NEGLIGENCE

27. On or about August 27, 2006, and at all times relevant hereto, Defendant, NANCY GRACE, was an employee and agent of CNN, hosting a show called "Nancy Grace" which purports to discuss crime and legal issues and purports to assist in the solving of crimes.

28. On or about August 27, 2006, Plaintiffs decedent, MELINDA DUCKETT, did become aware that her child, two year old T.D., was missing and/or abducted.

29. On or about September, 7, 2006, Defendant NANCY GRACE and/or her associates and subordinates and employees of CNN and the "Nancy Grace" show, did solicit MELINDA DUCKETT to appear, via telephone, on the show "Nancy Grace" and did make certain promises and representations to MELINDA DUCKETT that appearing on the show would assist in conveying to the public that her child, T.D., was missing, and that the purpose for Melinda appearing on the show was a "picture show" to showcase that T.D. was missing, which might help in the return of said child.

30. Defendants, NANCY GRACE, Individually, and CNN, by and through its agents and/or employees, owed a duty to MELINDA DUCKETT, and her attorney/agent, to honestly and fully represent the purpose for MELINDA appearing on the show, and to not misstate the reasons for going on the show.

31. By the above acts, Defendant, NANCY GRACE, and/or her associates and subordinates and employees and producers of the "Nancy Grace" show, and Defendant, CNN, through by and thorough its agents and/or employees, breached this duty and was negligent in one

or more of the following ways due its following acts or omissions:

    a.  Misled MELINDA DUCKETT and/or her attorney, who was at all times acting as MELINDA's agent, into falsely believing that the purpose of appearing on the show was to publicize her child's disappearance and ask the public for help, when Defendant NANCY GRACE, in fact verbally assaulted and harassed MELINDA DUCKETT when they knew or should have known Defendant was mentally unstable;

    b.  Although Defendants knew or should have known that MELINDA DUCKETT had been hospitalized for mental illness, was mentally unstable they proceeded to verbally attack and harass her without regard to consequences which they knew or reasonably should have known would occur inclusive of MELINDA DUCKETT'S suicide;

    c.  Failed to act as a reasonable television-show host in similar circumstances would have acted through the conduct of an on-air interview related to publicize MELINDA'S child's disappearance given that she knew or should have known of MELINDA's mental illness;

    d.  Failed to advise MELINDA DUCKETT or her personal attorney of the real purpose of the show, which was to try to obtain a confession as to "where she was" on the night that T.D. disappeared when Defendants knew or should have known of MELINDA'S mental illness;

    e.  Failed to advise MELINDA DUCKETT or her personal attorney that Defendant, NANCY GRACE, would be conducting a cross examination and either directly or impliedly accusing MELINDA DUCKETT of murdering her child when Defendants knew or should have known of MELINDA'S mental illness; and

    f.  Harassing and intimidating an anguished and severely mentally distressed mother by verbally accosting her and intimating that she murdered her own child when they knew or should have known of MELINDA's mental instability.

32. That, as a proximate result of one or more of the foregoing negligent acts or omissions of the Defendants, NANCY GRACE, and CNN, by and through its employees, agents, and/or servants, the Plaintiffs ESTATE OF MELINDA DUCKETT, caused MELINDA DUCKETT to commit suicide.

WHEREFORE, Plaintiffs ESTATE OF MELINDA DUCKETT, respectfully move this Court to award judgment in excess of $15,000 (fifteen thousand dollars) and for funeral

expenses, loss of prospective wages, and punitive damages in an amount sufficient to punish

Defendants, all of them, and to deter Defendants, and other from similar conduct in an amount to

be determined by the jury together with the costs of this lawsuit. Plaintiffs demand trial by Jury

on all issues so triable.

## COUNT VII – TORTIOUS INTERFERENCE
## WITH A POLICE INVESTIGATION

33. Plaintiffs repeat and re-allege paragraphs 1 through 35 of Count I and Count II and

Count III as if specifically alleged in Count III herein.

34. That, at all times revenant hereto, the Leesburg Police Department, Lake County

Sherriff, and Federal Bureau of Investigation ("FBI") had undertaken a police investigation into

the disappearance of MELINDA DUCKETT's child, T.D., to determine the location of the child,

who had knowledge of the child's whereabouts, and whether the child was alive, who had been

missing for approximately for one week.

35. That, at all times relevant hereto, Defendants, NANCY GRACE, and/or her

associates and subordinates and employees and producers, and CNN, knew of the existence of a

ongoing police investigation into the disappearance of MELINDA DUCKETT's child, T.D., and

that MELINDA DUCKETT was a "person of interest" who could or may have had information

as to the whereabouts of her child.

36. That, at all times relevant hereto, Defendants, NANCY GRACE, and/or her

associates and subordinates and employees and producers, and CNN, intentionally invited

MELINDA DUCKETT to appear on the "Nancy Grace" show, and did deliberately make

certain promises and representations to MELINDA DUCKETT that appearing on the show

might assist in conveying to the public that her child, T.D., was missing, which might help in the

return of said child, knowing that they intended to surprise MELINDA DUCKETT with

accusations, questions and verbal assaults clearly intending to take on the role of prosecutor or police investigators.

37. The Defendants, each of them, did inflict pain, suffering, embarrassment, intimidation on MELINDA DUCKETT, when they knew she was in a severely emotional distraught state, and thereby did with malicious and contumacious disregard cause her severe emotional distress which was a cause or the proximate cause of MELINDA DUCKETT's death by suicide on September 8, 2006.

38. Due to MELINDA DUCKETT's suicide, the Leesburg Police Department, Lake County Sheriff, FBI, or any other subsequent investigative entity was not able to adequately carry out its investigation into the disappearance and whereabouts of T.D., and T.D. remains missing to this day due to the Defendant's conduct.

WHEREFORE, Plaintiffs ESTATE OF MELINDA DUCKETT and personal representative, KATHLEEN CALVERT, respectfully move this Court to award judgment in excess of $15,000 (fifteen thousand dollars) and for funeral expenses, loss of prospective wages, and punitive damages in an amount sufficient to punish Defendants, all of them, and to deter Defendants, and other from similar conduct in an amount to be determined by the jury together with the costs of this lawsuit. Plaintiffs demand trial by Jury on all issues so triable.

DATED this 31st day of December, 2009 and respectfully submitted by Attorneys for Plaintiffs.

DERATANY, SKORUPA & O'HARA, LLP
Attorneys for Plaintiff
Crystal Tree Office Centre
1201 U.S. Highway One, Suite 315
North Palm Beach, FL 33408
Telephone: (561) 624-7989
Facsimile: (561) 627-5734

By: /s/ Jay Paul Deratany
      JAY PAUL DERATANY
      FL Bar No.: 837880
      KARA ANN SKORUPA
      FL Bar No.: 0739561

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to **Charles D. Tobin, Esquire**, and **Judith M. Mercier, Esquire,** Holland & Knight LLP, Attorneys for CNN and Nancy Grace, 200 S. Orange Avenue, Suite 2600, Orlando, FL 32801 and 2099 Pennsylvania Ave., N.W., Suite 100, Washington, D.C. 20000 on this 31st day of December, 2009;

DERATANY, SKORUPA & O'HARA, LLP
Attorneys for Plaintiff
Crystal Tree Office Centre
1201 U.S. Highway One, Suite 315
North Palm Beach, FL 33408
Telephone: (561) 624-7989
Facsimile: (561) 627-5734

By: /s/ Jay Paul Deratany
    JAY PAUL DERATANY
    FL Bar No.: 837880
    KARA ANN SKORUPA
    FL Bar No.: 0739561

From:           Goldband, Clark
Sent:           Thursday, September 07, 2006 12:32 PM
To:             Sicoli, Dean
Subject:        Re: Taping over


She's thrilled!  She was a prosecutor today!
It was really some grilling on mother
May want to change way its promo'd
Nancy really did investigate..amazing mom didn't hang up!
Mom was elusive, wouldn't answer any question straight...dad was yes mam no mam If mom did
do it...this show would def come into evidence!

-----Original Message-----
From: Sicoli, Dean
To: Goldband, Clark
Sent: Thu Sep 07 12:30:17 2006
Subject: Re: Taping over

Was it good? She happy

-----Original Message-----
From: Goldband, Clark
To: Sicoli, Dean
Sent: Thu Sep 07 12:27:50 2006
Subject: Taping over

1

PLAINTIFF'S
EXHIBIT
_A_