UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ESTATE OF MELINDA DUCKETT, by and
through her personal representative,
KATHLEEN CALVERT and BETHANN
EUBANK and WILLIAM GERALD EUBANK, as
legal parents of MELINDA DUCKETT, and as
grandparents and next friends of T.D., a child
and M.E., a minor sibling of MELINDA
DUCKETT,

                Plaintiffs,

v.                                                       Case No.  5:06-cv-444-Oc-10GRJ

CABLE NEWS NETWORK LLLP (CNN), a
Delware Corporation, NANCY GRACE,
individually and as an employee/agent of CNN,
JOSHUA DUCKETT,

                  Defendants.
_____/

## ORDER

Pending before the Court is Defendants' Emergency Motion To Strike Untimely Notice of Taking Deposition By Videotape, Or In The Alternative, Motion For Protective Order. (Doc. 135.) Plaintiffs have filed a Response (Doc. 137) and therefore the motion is ripe for review. For the following reasons, Defendants' Motion To Strike Notice of Taking Deposition By Videotape is due to be **DENIED** but Defendants' Motion For Protective Order is due to be **GRANTED**.

## DISCUSSION

Defendants Cable News Network, Inc. ("CNN") and Nancy Grace ("Ms. Grace") request the entry of an order prohibiting Plaintiffs from recording Ms. Grace's deposition by videotape, or in the event the Court permits the videotape deposition to proceed, an

order prohibiting the Plaintiffs or their counsel from disclosing Ms. Grace's videotape to any third party without Court authorization.

Pursuant to the Court's December 18, 2009 Order the Court directed the parties to schedule and complete the depositions of CNN employees, including Ms. Grace. On January 6, 2010, Plaintiffs served a Notice of Taking Deposition of Ms. Grace to be held on January 28, 2010 in Atlanta, Georgia. The Notice of Taking Deposition did not specify the method for recording the deposition but instead simply stated that the deposition will be taken "Upon oral examination before ... A Notary Public, or any other officer authorized by law to take depositions ... " On January 20, 2010, Plaintiffs then served a Notice of Taking Videotaped Deposition of Ms. Grace. Other than advising that the deposition would be a videotaped deposition, the January 20, 2010 Notice of Taking Deposition is identical to the January 6, 2010 Notice of Taking Deposition.

Defendants argue that because the January 20, 2010 Notice of Videotape Deposition was not provided within ten days of the date of Ms. Grace's deposition her deposition should go forward pursuant to the timely January 6, 2010 Notice but not pursuant to the untimely January 20, 2010 Notice.

Rule 30(b)(3)(A) provides in relevant part that: "The party who notices the deposition must state in the notice the method for recording the testimony." The Rule goes on to provide that "[t]estimony may be recorded by audio, audiovisual, or stenographic means." The Rule is therefore self-executing as to the method of recording. A party is not required to obtain permission from the Court to take a deposition by videotape. The only requirement is that the party state in the notice the method to be utilized. In the January 6, 2010 Notice of Taking Deposition Plaintiffs failed

to state the method of taking the deposition as required by the Rule. The January 20, 2010 Notice of Taking Deposition, however, complied with Rule 30(b)(3)(A) by identifying the method of recording.

Rule 30 of the Federal Rules of Civil Procedure is silent as to the required time period for the notice of taking deposition. The Local Rules for the Middle District of Florida do provide, however, that "[a] party desiring to take the deposition of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other party to the action ..." *Rule 3.02 of the Local Rules for the Middle District of Florida.*[1] Thus, the January 6, 2010 Notice provided the Defendants with at least the required fourteen days notice of the deposition. Indeed, the January 28, 2010 date for Ms. Grace's deposition was apparently mutually agreed to and arranged by respective counsel before the notice was served. Moreover, the deposition has been scheduled within the January 2010 time frame pursuant to the Court's order directing the parties to schedule and complete the deposition by January 29, 2010. The Court, therefore, concludes that while the January 20, 2010 Notice of Taking Videotaped Deposition was not served within the required fourteen day time frame, the January 20, 2010 Notice of Taking Deposition simply amended or supplemented the timely January 6, 2010 Notice of Taking Deposition and as such is not due to be stricken as untimely. Moreover, even assuming the January 20, 2010 Notice of Videotape Deposition was not considered an addendum to the January 6, 2010 Notice of Taking Deposition the Defendants have not

---

[1] The Local Rules were amended on November 19, 2009, effective as of December 1, 2009, to be consistent with the Amendments to the Federal Rules of Civil Procedure. Thus, Rule 3.02 was amended to provide fourteen days notice in place of ten days notice.

pointed to any prejudice as a result of receiving notice on January 20, 2010 for the first time that the deposition was being recorded by videotape.[2] Accordingly, Defendants' Motion to Strike the Notice of Taking Deposition By Videotape is **DENIED**. Plaintiffs are authorized to proceed with the videotape deposition of Ms. Grace on January 28, 2010 at 9:00 a.m. in Atlanta, Georgia and the deposition shall be conducted in accordance with the procedures set forth in Rule 30(b)(5)(A)-(C) of the Federal Rules of Civil Procedure.

Defendants also request the Court to enter a protective order providing that Plaintiffs and their counsel may not disclose any portion of the videotape to any third party and may not file any portion of the videotape with the Court without first obtaining Court permission. According to Defendants, the Court should protect from disclosure the contents of Ms. Grace's deposition because of concerns that Plaintiffs will use the deposition to court media attention to themselves. Defendants suggest that no purpose would be served by disclosure of the videotape of Ms. Grace's deposition other than to harass, embarrass and intimidate Ms. Grace and corrupt the jury pool.

The Court need not, however, determine whether the disclosure of Ms. Grace's videotape deposition to the public would result in the evils complained of by Defendants. The Plaintiffs in their Response advise the Court that they had agreed (and continue to agree) to a protective order. Accordingly, in view of the fact that Plaintiffs do not contest the entry of a protective order, Defendants' Motion For Protective Order is due to be

---

[2] While Defendants could argue that the lateness of the notice prejudiced them with regard to seeking relief from the Court with regard to the dissemination of the deposition, any prejudice has been mollified by the fact that the Court has addressed Defendants' concerns and as discussed in this Order has issued a protective order.

**GRANTED**. Plaintiffs and their respective counsel may not disclose to any third parties, or file with the Court, the videotape or any excerpts from the deposition of Nancy Grace without the prior written permission of this Court. Because the Court's protective order relates only to a discovery matter and does not relate to any materials that have been filed as a judicial record in this case, the media and the general public's First Amendment right of access are not implicated nor does the common law right of access apply. See, *Chicago Tribune Company v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-14 (11th Cir. 2001). However, to the extent that any Defendant requests the Court to file under seal Ms. Graces' videotape deposition transcript, the requesting party shall file a motion under Local Rule 1.09. In the event a request to seal is filed the Court will then address, if necessary, the required good cause balancing test within the context of the constitutional and common law rights of access.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on January 26, 2010.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel

5