# EXHIBIT 1

## Declaration of Leesburg Police Detective Jim Dunagan

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

ESTATE OF MELINDA DUCKETT, et al.
Plaintiffs,

v. CASE NO.: 5:06-cv-444-WTH-GRJ

CABLE NEWS NETWORK LLLP (CNN), et al.
Defendants.
_______________________________________/

**DECLARATION OF DETECTIVE JIM DUNAGAN**

Pursuant to 28 U.S.C. § 1746, I declare the following under the penalty of perjury:

1. My name is Jim Dunagan, I am over the age of 18 and am fully competent to make this Declaration. The statements made herein are based upon personal knowledge and my review of the records of the Leesburg Police Department in Leesburg, Florida (the "Department").

2. I have been with the Department since 1996 and from 1999 to the present, I have served as a detective. At all times relevant, I participated in the investigation of the disappearance of Trenton Duckett. Also participating in the Department's investigation were agents of the Federal Bureau of Investigation and the Florida Department of Law Enforcement. Upon the retirement from the Department of my partner Detective Richard Giles, I became the lead detective on the investigation.

3. On August 27, 2006, the Department began an investigation precipitated by a 911 telephone call reporting that Melinda Duckett's son Trenton had been abducted from her home in Leesburg, Florida. Ms. Duckett reported that someone had cut a screen on Trenton's bedroom window and abducted him from the home through the window.

**My Interviews With Melinda Duckett**

4. During investigations like this one, detectives routinely interview the parents for any information that may help find their missing child. I therefore interviewed Melinda Duckett in investigating Trenton's disappearance.

5. My interview with Ms. Duckett began at approximately 9:40 AM on the morning of August 28, 2006 and was tape recorded. I began the interview alone. During this portion of the interview, Ms. Duckett's answers were incomplete and inconsistent. I recall being surprised by how she broke down crying one minute then abruptly stopped and appeared devoid of emotion and asked, "Can I go now?"

6. My partner, Detective Giles, had interviewed Ms. Duckett earlier that morning, and he joined my interview with Ms. Duckett in progress. During this portion of the interview, Ms. Duckett was unable to explain the gaps and conflicts in her story when we asked her about her whereabouts in the days leading up to Trenton's disappearance. Ms. Duckett terminated the interview by walking out of the room and leaving the station with her attorney.

7. I also interviewed a number of individuals who knew Ms. Duckett well, and based on the varying descriptions provided, I concluded that Ms. Duckett seemed to show different sides of herself depending on who she was dealing with.

**Ms. Duckett's Interactions with Local Media**

8. As part of a missing person investigation, the Department issued information to update the public in the hopes of developing information to further the search for Trenton. As part of this effort, the Department held periodic press conferences. Ms. Duckett attended

one of these press conferences on Tuesday, August 29, 2006, and made statements to the news media at that time. From our review of her cellular telephone records, the Department determined that Ms. Duckett also communicated with the media on her own, including: *The Leesburg Daily Commercial*, *The Orlando Sentinel*, WKMG-TV Orlando, and WESH-TV Orlando.

9. On Tuesday, September 5, 2006, Ms. Duckett did not attend the Department's press conference. She did, however, meet with the media on her own in a nearby park. A reporter for WFTV-Orlando, who interviewed Ms. Duckett in the park that day, delivered an unedited copy of the interview to me at the Department because she felt that Ms. Duckett's answers and her demeanor were inconsistent with the parent of a missing child. A copy of WFTV's video-taped interview is attached hereto as **Exhibit A.**

**Melinda Duckett Was the Prime Suspect, and Continues to Be the Only Suspect**

10. Prior to her suicide, the Department had been prepared to charge Melinda Duckett with the crimes of Offense Against Intellectual Property and Perjury in an Official Proceeding. Attached hereto as **Exhibit B** is a copy of the Affidavit of Probable Cause (Case No. 06-07-0462) that was prepared by the Leesburg Police Department on these charges. This Affidavit was created and kept in the regular course of the Department's Trenton Duckett missing person investigation. The charges stem from Melinda's false report that she had received a message from her husband Joshua Duckett on her MySpace.com email account, threatening to hunt her and Trenton down and kill them. Melinda reported this email to the Department, and later swore in a state court custody proceeding that Joshua sent the email. On the basis of that sworn testimony, Melinda received a temporary restraining order

against Joshua. Upon further investigation, the Department found that Melinda had in fact unlawfully entered Joshua's MySpace.com account and sent the fictitious email to herself, giving the appearance that it was generated by Joshua. The Department did not arrest Melinda on these charges, however, as we believed the best option for finding Trenton was to not take her into custody and that she would lead our investigators to where Trenton was located at that time.

11. After interviewing Ms. Duckett, speaking with a large number of witnesses, reviewing all available documents, and speaking with other investigators, I agreed with the conclusion that Ms. Duckett was the prime suspect in Trenton's disappearance. Detective Giles and I, along with agents from FDLE and the FBI discussed whether Ms. Duckett was a risk for suicide and the consensus was that she was not.

12. The Department continues to believe that Ms. Duckett is responsible for the disappearance of her son. She is the only suspect who has ever emerged as a result of our exhaustive investigation.

**No Discussions with CNN and Nancy Grace Prior to Ms. Duckett's Suicide**

13. From the time Trenton was reported missing on August 27, 2006, to the time Ms. Duckett committed suicide on September 8, 2006, I did not speak or have any communication with anyone from Cable News Network or the *Nancy Grace* television program, and I provided no input at all in the *Nancy Grace* program in which Ms. Duckett participated.

**No Interference with Law Enforcement Investigations**

14. At no time did CNN, Nancy Grace, or any other media interfere with the

Department's investigation and efforts to locate Trenton Duckett. Instead, the Department welcomed media coverage to publicize the search for Trenton.

15. The Department received a Subpoena issued by the law office representing the Plaintiffs in this lawsuit, requesting inspection of documents related to Melinda Duckett and the search for Trenton. That office twice made appointments to review the records they subpoenaed, which would have included all of the exhibits to this Declaration, but they cancelled the appointments and never conducted any further review or follow-up.

FURTHER DECLARANT SAYETH NAUGHT

I declare under penalty of perjury that the foregoing is true and correct on this 1st day of March, 2010.

Jim Dunagan

# EXHIBIT A
# To Dunagan Decl.

# DVD FILED SEPARATELY WITH THE COURT

Estate of Melinda Duckett et. al v. Cable News Network, et. al
Case No. 06-cv-444

DVD



Exhibit A to Declaration of Detective Jim Dunagan
WFTV Video-Taped Interview with Melinda Duckett

# EXHIBIT B
# to Dunagan Decl.

***County/Circuit Court, Criminal Division***
***In and for***
***County of Lake***

*State of Florida* | *Offense Against Intellectual Property*
*Perjury in an Official Proceeding*

*Vs*

***DUCKETT, Melinda Marie***
O/F; 8-14-85

## ***AFFIDAVIT OF PROBABLE CAUSE***

*Before me, a Notary Public, personally appeared Detective Sergeant Gary Barrett, who being duly sworn, says:*

*That the events set forth occurred in Lake County, Florida. That your Affiant has reason to believe Probable Cause exists for the defendant's arrest, based on the following facts:*

*On July 4th, 2006, Officer Eddy, Leesburg Police Department met with the defendant, identified as Melinda M. Duckett, Asian female, 8-14-85, AT THE Leesburg Police Department, relative to a threats complaint (LPD Case Number 06-07-0462). The defendant reported that she had received a threatening e-mail, for her estranged husband, Joshua Duckett, white male, 5-15-85. In the e-mail, reportedly sent by Mr. Duckett, it stated that he would hunt her and their child and kill them both. It also stated that she be put through torture. The e-mail ended with a statement that if she shared the contents of the e-mail with anyone, that he would go to her apartment one night and hurt her. The defendant provided a sworn, written statement relative to the incident and provided a copy of the e-mail. The defendant indicated that she desired prosecution. Procedures were also explained to the defendant for obtaining an Injunction for Protection.*

*On July 5th, 2006, the defendant entered a petition for an injunction against domestic violence against Mr. Duckett. As part of the petition process, the defendant, under oath, in an official court proceeding, stated that she had received the threatening e-mail from Mr. Duckett. The defendant was placed under oath by Kathy Clements, a Clerk of the Courts, Lake County, Florida. A hearing was set for July 12th, 2006, at 10:00 am, before the Honorable Judge Mark Nacke.*

*On July 12th, 2006, the defendant was present at the hearing with legal counsel. The respondent, Mr. Duckett, was also present with legal counsel. Based on*

*previous statement, under oath, during the petition process, the temporary injunction was issued, with modifications. The modifications were that the defendant retain custody of the child, with the respondent, Mr. Duckett, have no contact with the child. An additional hearing was later scheduled for August 4th, 2006, again before the Honorable Judge Mark Nacke. Court records reveal that the attorneys requested a continuance.*

*On August 27th, 2006, the defendant reported her child being removed from her residence, by an unknown person (LPD Case Number 06-08-3735). During the investigation, the defendant re-iterated the information concerning the threatening e-mail and stated that Mr. Duckett had abducted her son. During the course of the subsequent investigation, it was discovered that the defendant had actually created the e-mail herself, on Mr. Duckett's "My Space" account, sending the e-mail to her e-mail address, to give the appearance that Mr. Duckett had sent the e-mail. Two witnesses were interviewed that stated they were informed that the defendant had created the e-mail herself. They both stated that they were informed by others, who had spoken to the defendant, who volunteered the information to them. Researching the "My Space" information and accounts revealed IP addresses concerning the e-mail. The login-in IP address associated with the e-mail was identified as 71.52.126.135, on July 3rd, 2006, at 7:59 pm. The e-mail was sent to the defendant at 8:15 pm, the same date. There were also two e-mails sent to Mr. Duckett, from My Space, confiriming changing his e-mail address from duckett64@yahoo.com, to duckett69@yahoo.com, then to jdtd21ass@yahoo.com. Further investigation revealed the aforementioned IP address as a Sprint DSL IP address. An investigative subpoena was prepared by the Office of the State Attorney and sent to Sprint DSL, concerning the subscriber information for the IP log-in at the times concerned. The response from Sprint DSL revealed that the IP address was assigned to the defendant, Melinda Duckett. The investigation also revealed that Mr. Duckett's account username had been changed to first name: "fuckface", last name: "dickhead", from the city of "hell".*

*Therefore, based on the aforementioned facts, your Affiant has reason to believe that the defendant did:*

*Commit the offense of Offense Against Intellectual Property, by willfully, knowingly and without authorization, enter into Mr. Duckett's "My Space" account, via a computer and computer network, to modify data, the username, profile and e-mail address of Mr. Duckett and to create and send a fictitious threatening e-mail, giving the appearance that said e-mail was generated by Mr. Duckett.*

*Commit the offense of Perjury in an Official Proceeding by, based on the fictitious e-mail, she knew to be ficticious, swearing an affidavit, under oath, petitioning the court for an injunction for protection against domestic violence, which was given*

*as evidence in the court proceeding, before the Honorable Judge Mark Nacke, on July 12th, 2006, which resulted in an injunction being issued against Mr. Duckett.*

______________________________
*Detective Sergeant Gary Barrett, Affiant*
*LPD Case Number: 06-07-0462*

*Before me, personally appeared Detective Corporal Gary Barrett, who is personally known to me, and they acknowledged to me that they executed the foregoing Affidavit and swears that all statements contained therein are true and correct.*

*Sworn to and subscribed in my presence this _______ day of ______________________, 2006.*

______________________________
*Notary/Certified Officer*

***FINDING OF PROBABLE CAUSE***

*I have reviewed this Affidavit of Probable Cause and find there {is} {is not} probable cause to hold and bind over for trial the defendant named in this Affidavit.*

*Dated this ________ day of ______________________, 20________.*

______________________________
*Presiding Judge*

***WARRANT TO ARREST***

*STATE OF FLORIDA*

*IN THE COUNTY/CIRCUIT COURT*
*OF LAKE COUNTY*
*STATE OF FLORIDA*

*VS*

***DUCKETT, Melinda Marie***
O/F; 8-14-85

*IN THE NAME OF THE STATE OF FLORIDA, TO ALL AND SINGULAR, THE SHERIFFS OF FLORIDA, SPECIAL AGENTS OF THE FLORIDA DEPARTMENT OF LAW ENFORCEMENT AND FLORIDA STATE ATTORNEY INVESTIGATORS;*

*WHEREAS, Detective Corporal Gary Barrett, of the Leesburg Police Department, Criminal Investigations Division, has this day made oath before me that on the 4th day of July A.D. 2006, in the County aforesaid, one* ***Melinda M. Duckett, Oriental Female, 8-14-85,*** *did commit the offense(s) of Offense Against Intellectual Property and Perjury in an Official Proceeding.*

*The offense(s) set forth in the foregoing Warrant is/are contrary to the Statutes 815.04(1)and 837.02, in such cases made and provided, and against the peace and dignity of the State of Florida.*

*THESE ARE THEREFORE to command you to arrest the said* ***Melinda M. Duckett, Oriental Female, 8-14-85*** *and bring him/her before me to be dealt with according to the law.*

*THE UNDERSIGNED HEREBY ENDORSES BAIL IN THE AMOUNT OF $4000.00 AND DOES/DOES NOT AUTHORIZE MODIFICATION OF THIS BAIL BY THE JUDGE PRESIDING AT FIRST APPEARANCE.*

*Given under my hand and seal this ____ day of ______________________,*
*A.D. 20_____.*

______________________________ *L.S.*
*County/Circuit Judge*

**LPD CASE NUMBER: 06-07-0462**

*In the County/Circuit Court*
Of
Lake County

State of Florida

Vs.

**Melinda M. DUCKETT**
**O/F**; **Hgt**: 4'11"; **Wt**: 100 ; **DOB**: 08-14-85;
**SSN**: 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;
**DLN/State**: D230-553-85-794-0/Florida
**AKA**: None Known
**LKA**: 1416 Griffin Road, Apt 48,
Leesburg, Florida, 34748

## WARRANT

Appearance Bond fixed at:

$________________________

*One (1) count Offense Against Intellectual Property*
*One (1) count Perjury in an Official Proceeding*

Statutes: *815.04(1); 837.02;*
Filed ____ day of ___________, 20___

______________________________
Clerk

Received the within warrant the _______ day of ______________, 20____, and executed the same in Lake County, Florida, on the _______ _______, day of _____________, 20___, by arresting the within named defendant::

______________________________

and having ____________________________ before the court.

______________________________

*Sheriff of County*

____________________________ D.S.