# EXHIBIT 25

# Letters to Plaintiffs' Counsel

# Holland & Knight

200 South Orange Avenue, Suite 2600 | Orlando, FL 32801 | T 407.425.8500 | F 407.244.5288
Holland & Knight LLP | www.hklaw.com

March 16, 2010

Judith M. Mercier
407 244 5151
judy.mercier@hklaw.com

**VIA FACSIMILE & U.S. MAIL**

Kara Skorupa, Esq.
Deratany, Skorupa & O'Hara, LLP
1201 US Highway 1, Suite 315
North Palm Beach, FL 33408

    Re:   *Estate of Melinda Duckett v. Cable News Network, Inc.*
           U.S. District Court, Middle District of Florida – Case No. 5:06-cv-444-WTH-GRJ

Dear Kara:

    This letter responds to Plaintiffs' Supplemental Rule 26 Disclosures received by us today. We write again to ensure that the defense has had the full opportunity to review all documents that the Plaintiffs have listed in their Rule 26 disclosures, in addition to all documents received from any third-party in this lawsuit.

    In particular, a number of the documents Plaintiffs listed in Part II "Description of Documents and Things That May Be Used to Support Claims" are either entirely new and have not been provided to us, or were listed in Plaintiffs' original Rule 26 disclosures but have never been provided to us notwithstanding the Court's previous directive. Notably, Plaintiffs' Supplemental Rule 26 Disclosures reference the following documents, which we have never received:

    II-1: Documents related to court sanctions against Nancy Grace.

    II-7: Documents related to the "institutionalization of Melinda Duckett," including "her e-mails."

    II-8: Documents produced by Kimberly Schulte, including "all communications relative to the relationship between Melinda and Josh Duckett."

    II-9: Police reports and documents relied upon by experts.

    As you recall, in June 2009, the Court Ordered the Plaintiffs to produce to us any documents within their possession, custody, or control listed in your original Rule 26 disclosures. (Dkt. No. 86, p.10). To the extent any of these new documents were obtained by you from any

Kara Skorupa, Esq.
March 16, 2010
Page 2

source other than Defendants in this case, and you have not already provided them to us, you must make them available now.

Additionally, following up on the Court's directive to the Plaintiffs, in correspondence dated June 30, 2009, October 1, 2009, and February 4, 2010, we requested copies of all documents and correspondence Plaintiffs received in response to non-party subpoenas. We have received documents from you relating to Lady Lake Police Department, Lockport School District and Billy and Nancy Eubank, however, we have not received any other documents. Further, in your January 21, 2010 letter to me, you advised that the Plaintiffs would issue a subpoena to Wyndham Lawn, yet we were never served with a notice or subpoena, or any documents in response. We reiterate that, along with the documents encompassed in your Supplemental Rule 26 Disclosures, we must be provided with immediate access to these third-party materials.

In order to facilitate our requests, I will be in West Palm Beach on Thursday, March 18, 2010, during the morning and am available to pick up the copies of the requested items at your office. I look forward to hearing from you.

Finally, we reiterate the offer in our February 4, 2010 letter for Plaintiffs to review or purchase copies of documents that Defendants have received from third-parties. Please contact me if you wish to set a convenient time for you to review them at Holland & Knight's Orlando office, or to make arrangements to purchase copies.

                Sincerely,

                HOLLAND & KNIGHT LLP

                Judith M. Mercier

JMM:tb
cc:    Jay Paul Deratany, Esq. (via facsimile)
       Charles D. Tobin, Esq.

# Holland & Knight

200 South Orange Avenue, Suite 2600 | Orlando, FL 32801 | T 407.425.8500 | F 407.244.5288
Holland & Knight LLP | www.hklaw.com

February 4, 2010

**JUDITH M. MERCIER**
407-244-5151

**VIA FACSIMILE & U.S. MAIL**

Internet Address:
judy.mercier@hklaw.com

Kara Skorupa, Esq.
Deratany, Skorupa & O'Hara, LLP
1201 US Highway 1, Suite 315
North Palm Beach, FL 33408

      Re:    *Estate of Melinda Duckett v. Cable News Network, Inc.*
             U.S. District Court, Middle District of Florida – Case No. 5:06-cv-444-WTH-GRJ

Dear Kara:

      Now that non-expert discovery has closed in this matter, we write to ensure that the defense has had full opportunity to review all documents that the Plaintiffs have received under subpoena from third parties in this lawsuit. In a June 30, 2009 letter to you, I set forth Defendants' formal request for copies of all documents you receive in response to non-party subpoenas served by Plaintiffs, including all correspondence. I renewed that request in a letter to Jay Deratany on October 1, 2009. With the exception of the Lockport School District documents that you sent us last month, we never received a response or any documents. We are aware from copies of notices of production or subpoenas served on us by your office that the Plaintiffs have subpoenaed the following sources:

      Marion County Sheriff's Office
      Leesburg Police Department
      Lady Lake Police Department
      Department of Children and Families- Sumter County
      Department of Children and Families- Lake County
      Sprint PCS
      Nextel Communications
      Niagara Falls Memorial Medical Center
      Nazir Gilkar MD
      Lockport City School District (received)
      Lifestream Behavioral Center
      Frank Gonzalez Children's Home Society (Winter Park, FL)
      Eastern Niagara Hospital
      Commander 418 MP DET

Kara Skorupa, Esq.
February 4, 2010
Page 2

Please advise us of the number of pages received from these sources and what the charges would be if we want to obtain copies from you.

In your January 21, 2010 letter to me, you advised that the Plaintiffs will issue a subpoena to Wyndham Lawn. We were never served with a notice or subpoena. Please send us that document right away, and if you have received documents in response, advise us of the number of pages and copying charges for that as well.

The Defendants have received documents from the following sources under the subpoenas we served; you were provided notice of each of these subpoenas:

| Individual/Entity: | # of Copies |
|---|---|
| Dr. Dimitrios Hatzilassiou – Leesburg Medical Center | 15 |
| W. Steven Saunders, Psy.D. – Central Florida Psychological Consultants | 34 |
| Kathryn Waltz, Therapist | 27 |
| Dr. Margaret Libby | 378 |
| Michael Caballero | 36 |
| Lifestream Behavioral Center | 106 |
| Kimberly Schulte, Esq. | 2971, 1 CD and 1 thumb drive |
| William Eubank | 117 |
| Bank of America – Leesburg | 2 |
| Bank of America Personnel Center – Cincinnati | 94 |
| Thomas E. Langley Medical Center | 34 |
| Niagara Falls Memorial Medical Center | 149 |
| Shelly Rosen, LCSW | 15 |
| Sarah Brandt-Douglas, LCSW | 10 |
| Family & Children's Service of Niagara – Casey House | 22 |
| Dr. Nazir Gilkar | 57 |
| Dr. Margaret Libby | 209 |
| Dr. Chris Martin | 37 |
| Lisa Sherwood, LCSW | 27 |
| Leesburg Police Department | 2582 |
| Audio and video tapes produced by Leesburg Police Department | 11 CDs 6 Cassettes 6 VHS |

Plaintiffs have not previously requested copies of documents subpoenaed by Defendants, other than the documents subpoenaed from Kimberly Schulte. I sent Jay Deratany a letter on December 23, 2009 in response to Jay's oral request at Ms. Schulte's deposition for copies, but to date I have not received a response. If Plaintiffs wish to review these documents, we can set a convenient time for you to review them at Holland & Knight's Orlando office. If Plaintiffs would prefer to pay for copies, please identify which documents you would like and I can let you know the cost of the copies.

Kara Skorupa, Esq.
February 4, 2010
Page 3

Additionally, we have received documents pursuant to the public records laws from the following entities:

| Entity: | # of Copies |
|---|---|
| FL Department of Children and Family Services | 2230 |
| Lake County Sheriff's Office | 141 |
| FDLE (Florida Department of Law Enforcement) | 1151 |
| Niagara County Sheriff's Department | 5 |
| Leesburg Police Department | 12 |

We are willing to make these documents available for your review as well, or if you will let me know that you would prefer to purchase copies, we will let you know the cost of these as well.

I look forward to hearing from you on the documents Plaintiffs have received and the documents we have received.

Sincerely,

HOLLAND & KNIGHT LLP

Judith M. M

Judith M. Mercier

JMM:tb
cc:  Jay Paul Deratany, Esq. (via facsimile)
     Chuck Tobin, Esq.

# 9145735_v2

# Holland & Knight

200 South Orange Avenue, Suite 2600 | Orlando, FL 32801 | T 407.425.8500 | F 407.244.5288
Holland & Knight LLP | www.hklaw.com

December 23, 2009

Judith M. Mercier
407 244 5151
judy.mercier@hklaw.com

**SENT VIA FACSIMILE**

Jay Paul Deratany
Deratany & Skorupa
Crystal Tree Office Centre
1201 U.S. Highway One, Suite 315
North Palm Beach, Florida 33408

      Re:    *Estate of Melinda Duckett v. Cable News Network, Inc.*
             U.S. District Court, Middle District of Florida – Case No. 5:06-cv-444-WTH-GRJ

Dear Jay:

      This letter is a follow up to your request made during the deposition of Kimberly Schulte which was held on December 21, 2009. At that time you requested a complete copy of all documents produced by Kimberly Schulte in response to our Subpoena to her dated February 5, 2009.

      We write to remind you that while you have been on notice as to these documents for nearly ten months, only now have you requested them from us. On February 9, 2009, you received Defendants' Notice of Subpoena Duces Tecum Without Deposition regarding our request of documents from Ms. Schulte. You were further made aware of the production of these documents pursuant to the Court's May, 29, 2009 Order compelling Ms. Schulte to produce all requested documents and finding that the attorney-client privilege had been waived. Moreover, at the deposition of Ms. Calvert on November 19, 2009, Ms. Calvert was asked to testify to certain documents obtained via subpoena from Ms. Schulte, and we expressly stated that fact on the record.

      The following is a list of the costs Holland & Knight LLP will incur to copy and ship the documents to you:

| Type | Per-Copy Charge | # Copies | Total |
|---|---|---|---|
| Paper Copies | $.15/copy | 2971 | $ 445.65 |
| CD's | $16.00 | 1 | $ 16.00 |
| Thumb Drive | $35.78 | 1 | 35.78 |
| UPS Shipping | n/a | n/a | $ 40.80 |
| **Total** | | | **$ 538.23** |

Jay Paul Deratany
December 23, 2009
Page 2

    Upon receipt of payment in full to my attention at **Holland & Knight LLP, 200 South Orange Avenue, Suite 2600, Orlando, FL 32801,** we will promptly ship the documents to you at your Palm Beach offices, unless you direct us otherwise.

                  Sincerely,

                  Holland & Knight LLP

                  *Judith M. Mercier*    *Signed on her behalf to avoid delay.*

                  Judith M. Mercier

JMM/lf

# 9069210_v1

# Holland & Knight

200 South Orange Avenue, Suite 2600 | Orlando, FL 32801 | T 407.425.8500 | F 407.244.5288
Holland & Knight LLP | www.hklaw.com

September 23, 2009

JUDITH M. MERCIER
407-244-5151
judy.mercier@hklaw.com

**VIA FACSIMILE AND U.S. MAIL**

Jay Paul Deratany, Esq.
Deratany, Skorupa & O'Hara, LLP
Crystal Tree Office Centre
1201 US Highway 1, Suite 315
North Palm Beach, FL 33408

    Re: *Estate of Melinda Duckett v. Cable News Network, Inc.*
       Case No. 5:06-cv-444-WTH-GRJ

Dear Jay:

  This letter confirms your telephone call to me on September 22, 2009 to request that Defendants supplement the Answers we served on April 16, 2009, to your clients' Interrogatories. Specifically, you requested that Defendant Nancy Grace provide "better answers" to Interrogatories 1, 4, 5, 6, 7, 8, 9 and 13, and that Defendant CNN provide "better answers" to Interrogatories 3, 5, 7, 8, 16, 18.

  I note for the record that in the five months since we responded to the discovery requests, you have never contacted defense counsel, either in writing or by telephone, to outline any specific concerns you have with any of the discovery responses.

  I have conferred with my clients since our call. Here are the responses to your requests for supplementation with respect to the Interrogatories directed to Nancy Grace:

  1. The answer provided to this Interrogatory is complete and sufficient for purposes of this litigation.

  4. In our call, you asked for the titles and address of Ken Jautz and Jim Walton. That information is:

      Ken Jautz
      Executive Vice-President
      CNN
      1 Time Warner Center
      New York, NY 10019

      Jim Walton
      President
      CNN
      1 CNN Center
      Atlanta, GA 30303

Jay Paul Deratany, Esq.
September 23, 2009
Page 2

5. In our call, you inquired about the identities of people who discussed the content of the program with Nancy Grace. That request was not part of this Interrogatory. The answer provided is therefore complete.

6. The answer provided to this Interrogatory also is complete.

7. In our call, you stated that you knew that Nancy Grace spoke to Joshua Duckett and that she should have listed that in her answer to this Interrogatory. As you noted, the answer to Interrogatory number 19 identified when and where Nancy Grace met with Joshua Duckett. You therefore have the information that is responsive to this Interrogatory.

8. The answer provided to this Interrogatory is complete.

9. The answer provided to this Interrogatory is complete.

13. The answer provided to this Interrogatory is complete.

Here are the responses to your requests for supplementation with respect to the Interrogatories served on CNN:

3. The answer provided to this Interrogatory is complete.

5. The answer provided to this Interrogatory is complete.

7. The answer provided to this Interrogatory is complete.

8. During our call you stated you wanted to know who filled Nancy Grace in regarding stories. This Interrogatory, however, does not request that information. The answer provided to this Interrogatory is complete.

16. The answer provided to this Interrogatory is complete. CNN has complied with Rule 33(d) of the Federal Rules of Civil Procedure and has made the documents available to Plaintiffs since April 16, 2009.

18. During our call you asked for Keren Schiffman's address, her address is:

> Keren Schiffman
> c/o Richard Herman
> Law Offices of Richard B. Herman, P.C.
> 300 Park Avenue, Suite 1700
> New York, NY 10022

During our call, you also requested the home addresses for all non-managerial people at CNN and stated that you believed you have the right to contact non-managerial employees currently employed by CNN. We strongly disagree. You are not to contact any CNN employee

Jay Paul Deratany, Esq.
*September 23, 2009*
Page 3

ex parte. If you believe our interpretation of the law is incorrect, I respectfully suggest that you file the appropriate motion with the Court.

You also asked for a copy of the standards and practices guide referenced in CNN's answer to Interrogatory number 6. As CNN noted in its response to Plaintiffs' Request for Production number 9, "Defendants will make CNN's standards and practices guide available at the offices of undersigned counsel at a time mutually convenient to counsel for the parties after the parties have entered into a suitable protective order and confidentiality agreement." I sent your partner, Kara Skorupa, a protective order and confidentiality agreement more than four months ago (back on May 5, 2009) and neither you nor Kara ever signed and returned it to us.

As I noted in my April 28, 2009 letter to Kara, the documents responsive to Plaintiffs' Request for Production to Defendants have been available for inspection in Holland & Knight's Orlando office since April 16, 2009. If you prefer to get copies of the production, the total cost for copying and shipping the documents and DVDs as set forth in my April 28, 2009 letter is $914.93 (a copy of the April 28, 2009 letter is attached for your reference). Please feel free to deduct from that amount, the copy cost ($.15 per page) for the documents Plaintiffs provided to Defendants. We will send the documents upon payment.

Finally, I informed you during our call that Kara had advised me that the Plaintiffs were available for deposition in Florida the week before Thanksgiving. We therefore have made arrangements to be available for depositions that week, and we will be noticing the Plaintiffs' depositions for November 16, 17, 18 and 19 in Florida. During our call, you asked if the Plaintiffs' depositions could be taken in New York and our response is no. Consistent with my conversations with Kara, and in conformity with the Local Rule, we will take the depositions of the Plaintiffs in Florida, where they have brought their lawsuit.

If you have any further requests regarding discovery responses, please provide them in writing to me, and we will promptly respond.

Sincerely,

HOLLAND & KNIGHT LLP

Judith M. Mercier

cc: Kara Skorupa, Esq.
Charles D. Tobin, Esq.

# Holland-Knight

Tel 407 425 8500
Fax 407 244 5288

Holland & Knight LLP
200 South Orange Avenue, Suite 2600
Orlando, FL 32801-3461
www.hklaw.com

April 28, 2009

Judith M. Mercier
407 244 5151
judy.mercier@hklaw.com

**SENT VIA FACSIMILE**

Kara Skorupa
Deratany & Skorupa
Crystal Tree Office Centre
1201 U.S. Highway One, Suite 315
North Palm Beach, Florida 33408

      Re:    *Estate of Melinda Duckett v. Cable News Network, Inc.*
              U.S. District Court, Middle District of Florida – Case No. 5:06-cv-444-WTH-GRJ

Dear Kara:

    This letter states the costs Holland & Knight LLP has incurred to copy and the cost to ship the documents, as requested by Jay Deratany, that are responsive to Plaintiffs' discovery requests and that have been available for inspection since April 16, 2009.

| Type | Per-Copy Charge | # Copies | Total |
|---|---|---|---|
| Paper Copies | $.15/copy | 2910 | $ 436.50 |
| DVD's | $19.09/copy | 21 | $ 400.93 |
| UPS Shipping | n/a | n/a | $ 77.50 |
| **Total** | | | **$ 914.93** |

    Upon receipt of payment in full to my attention at **Holland & Knight LLP, 200 South Orange Avenue, Suite 2600, Orlando, FL 32801,** we will promptly ship the documents to you at your Palm Beach offices, unless you direct us otherwise.

                                  Sincerely,

                                  Holland & Knight LLP

                                  Judith M. Mercier

JMM/tb

# 6279855_v1



**THE DERATANY FIRM**
JAY PAUL DERATANY

Of Counsel
ROOSEVELT ALLEN, III
KARA SKORUPA

77 WEST WASHINGTON STREET
SUITE 1300
CHICAGO, ILLINOIS 60602
Phone: (312) 857-7285
Fax: (312) 857-2004
Web: www.lawinjury.com

CRYSTAL TREE OFFICE CENTRE
1201 U.S. HIGHWAY ONE
SUITE 315
NORTH PALM BEACH, FL 33408
Phone: (561) 624-7989
Fax: (561) 627-5734

April 28, 2009

Mr. Charles Tobin
Holland & Knight, LLP
2009 Pennsylvania Ave., N.W.
Suite 100
Washington D.C. 20006

Re:   Estate of Melinda Duckett Discovery Responses

Dear Mr. Tobin,

Approximately two weeks ago, I requested that you respond to the Requests for Production of Documents with the documents requested. You had indicated that your answers sufficed and that I would need to respond to each objection. You have not produced any documents--but have told us that we "can see them at your office." Now you want me to specify each such "objection."

First, I will note that in 21 years, I have never seen such obstreperous conduct on the part of opposing counsel. Nevertheless, I will document my request again.

In Requests 1, 2, 3, 4, 5 6, 8,12,13,14, 15,16 regardless of various boilerplate objections, your answer that you "will make said documents available at the offices of the undersigned counsel" is wholly inadequate. We are requesting that you produce copies of said documents. If you wish to charge us a nickel or dime for each copy, we will pay it though we have not charged you (although we would then offset it) . Whatever manner you choose, I would ask that your office put the documents through a modern copy machine, copy it, and send it as required and requested. We are not required to trudge over to your office to "examine" the documents and therefore be denied a copy.

Produce these documents within seven days, or I will be unrelenting in seeking sanctions. There is no excuse for failing to photocopy requested documents.

As for your objection to "policies and procedures," although there is nothing proprietary about such documents, we would be willing to enter a stipulated order that sets forth that: "the written policies produced by CNN will not be distributed to any individuals not directly involved with the litigation of this matter."

Sincerely,

Jay Paul Deratany