UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ESTATE OF MELINDA DUCKETT, by and
through her personal representative,
KATHLEEN CALVERT and BETHANN
EUBANK and WILLIAM GERALD EUBANK, as
legal parents of MELINDA DUCKETT, and as
grandparents and next friends of T.D., a child
and M.E., a minor sibling of MELINDA
DUCKETT,

        Plaintiffs,

v.                Case No. 5:06-cv-444-Oc-10GRJ

CABLE NEWS NETWORK LLLP (CNN), a
Delware Corporation, NANCY GRACE,
individually and as an employee/agent of CNN,
JOSHUA DUCKETT,

        Defendants.
_____/

## ORDER

Pending before the Court is Defendants' Motion to Strike the "Preliminary Forensic Psychiatric Opinion" of Dr. Harold J. Bursztajn And to Exclude Him As A Witness. (Doc. 119.) Plaintiffs have filed a response in opposition (Doc. 123) and therefore the motion is ripe for review.[1] For the reasons discussed below, Defendants' Motion to Strike (Doc. 119) is due to be **GRANTED in part** and **DENIED in part**.

---

[1] Also pending before the Court is Plaintiffs' Motion for Leave to File a Supplemental Response in Opposition to Defendants' Motion to Strike the Opinions of Dr. Harold J. Bursztajn and Exclude Him as a Witness (Doc. 143) to which Defendants have filed a response in opposition. (Doc. 149).

**DISCUSSION**

Pursuant to the Case Management and Scheduling Order, Plaintiffs' Rule 26 Expert Disclosures were due on August 1, 2009. In recognition of the potential importance of the expert testimony to the Plaintiffs' case, the Court granted Plaintiffs' request to permit them to file their expert report out of time. To minimize any prejudice to Defendants which might result as a consequence of Plaintiffs disclosing their expert *after* the disclosure of Defendants' expert, the Court expressly prohibited Plaintiffs' expert from offering any opinions to rebut the opinion of Defendants' expert.

Plaintiff then in November 2009 served an expert report, prepared by Harold J. Bursztajn, entitled "Preliminary Forensic Psychiatric Opinion." (The Bursztajn Report.") The Bursztajn Report contains what Dr. Bursztajn describes as his "preliminary" opinion based upon the evidence that he had been given to review. Dr. Bursztajn states in his report that "as discovery proceeds and additional data become available" he may supplement or revise his opinion. The Bursztajn Report also includes "a lengthy, point-by-point rebuttal of the report of Defendants' expert, Dr. Andrew E. Slaby" spanning several pages of the Bursztajn Report.[2]

Defendants, Cable News Network, Inc. ("CNN") and Nancy Grace, offer two grounds in support of their request to strike the Bursztajn Report and prohibit Plaintiffs from offering Dr. Bursztajn's opinions and/or testimony at trial. First, Defendants point out that the Bursztajn Report violates Rule 26(a)(2)(B)(i) of the Federal Rules of Civil Procedure because it is preliminary in nature and not a compete statement of all of the

---

[2] *See* Doc. 118 pp.8-11.

opinions the witness will express. Second, Defendants argue that the Bursztajn Report should be stricken because the report improperly - and in violation of the Court's Order - contains rebuttal of Defendants' experts. The Court will address first the rebuttal contained in the report and then whether the report is defective because it is preliminary.

Plaintiffs do not seriously challenge the fact that the Bursztajn Report clearly contains rebuttal in violation of the Court's October 20, 2009 Order. The Court expressly stated in the Order that "to further avoid any prejudice to Defendants as a result of the late disclosure, Plaintiffs' expert report(s) should not be used to rebut the opinions of Defendants' experts."[3]  A review of the Bursztajn Report reveals that in Section II, subsection E[4] of the report Dr. Burstaijn offers opinions in great length and detail directly addressing the merits of Dr. Slaby's opinion. Accordingly, because these sections of the Bursztajn Report contain rebuttal in violation of the Court's October 20, 2009 Order, Section II, subsection E of the Bursztajn Report is due to be **STRICKEN** and Dr. Bursztajn shall not be permitted to offer these rebuttal opinions in this case.

Turning to Defendants' challenge to the Bursztajn Report based upon the grounds that it is preliminary, while Defendants are correct that the report would fail to comply with Rule 26(a)(2)(B)(i) of the Federal Rules of Civil Procedure because it is

---

[3] Doc. 109, pp. 7-8.

[4] Doc. 118, pp. 8-11.

preliminary, the Plaintiffs now represent that the report is final, without any additional changes or modifications, other than elimination of the reference that it is preliminary.

Thus, while Rule 26(a)(2)(B)(i) requires that an expert report "contain a complete statement of all opinions the witness will express and the basis and reasons for them" the report - apparently without any change or modification to the report or to the opinions - now contains a complete statement of all opinions. The situation would be quite different, however, had Dr. Burszrtajn supplemented his report with new or even different expert opinions. The report is final and Defendants are free to explore with Dr. Bursztajn at trial his opinions contained in the November 2009 report and the bases for those opinions. The fact that Dr. Bursztajn admits in his report that he must obtain at least five more categories of information before he can reach a final conclusion may be relevant to whether the report is sufficiently reliable to withstand muster under *Daubert* and whether the report is admissible in evidence under Rule 702 of the Federal Rules of Evidence, but it is not a sufficient reason to strike the report. The fact remains - Plaintiffs represent that the report, as written, is final and not preliminary. Because Defendants have not attacked the substance of the opinions in the report, but only the fact that the opinions were labeled preliminary, the report will not be stricken and the Court will leave for another day whether the opinions now considered to be final are sufficiently reliable.

Accordingly, for these reasons, Defendants' request to strike the "Preliminary Forensic Psychiatric Opinion" of Dr. Harold J. Bursztajn And To Exclude Him As A Witness on the grounds that the report is preliminary, and not complete as required by

4

Rule 26(a)(2)(B)(i) of the Federal Rules of Civil Procedure, is due to be **DENIED** and Defendants' request for sanctions under Rule 37 also is due to be denied.[5]

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on May 13, 2010.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel

---

[5] Because the Court has considered Plaintiffs' representation that Plaintiffs intend to rely upon the Bursztajn Report, as written as the final report, which representation is contained in Plaintiffs' Motion for Leave to File a Supplemental Response in Opposition to Defendants' Motion to Strike the Opinions of Dr. Harold J. Bursztajn and Exclude Him as a Witness (Doc. 143) - and because Defendants have filed a response to the motion to supplement, which the Court has reviewed, the Motion For Leave to Supplement is due to be **GRANTED** to the limited extent that the motion itself shall be considered the supplementation. The Court does not need any further briefing on the issue and to this extent the motion otherwise is due to be **DENIED**.